D. GEORGE DERY, Appellant, *v.* SAMUEL A. BLATE et al., Copartners under the Firm Name of BLATE BROS. & LOVE, Respondents.

Contract — sale — provision in contract of sale for credit, the amount to be determined by seller, does not permit cancellation of terms of credit and demand for cash — seller may not maintain action for damages because buyers refused to take goods and pay cash — ambiguities in contract drawn on seller's order blank resolved against him.

1. Where the language of a contract of sale plainly implies a promise and creates an obligation to sell on credit, the amount alone of which is to be determined by the seller, he may not determine that the amount of the credit shall be nothing and that the purchaser must take the goods and pay cash therefor.   The seller's option is to extend the term credit bargained for in such amount as he shall determine or keep his goods.   The purchaser's option is to take the

goods on the term credit bargained for or to refuse them. An action, therefore, cannot be maintained by the seller to recover for refusal of the buyer to take the goods sold where he has canceled the terms of payment and credit provided in the agreement and demanded payment in cash for delivery.

2. Ambiguities in the contract should be resolved against the seller where it was drawn upon one of his order blanks.

*Dery* v. *Blate*, 209 App. Div. 467, affirmed.

(Submitted November 26, 1924; decided December 16, 1924.)

APPEAL from a judgment, entered June 24, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendants for judgment on the pleadings and granted said motion.

*I. Gainsburg* and *Joseph P. Segal* for appellant. The credit limitation clause authorized plaintiff to demand cash upon delivery under the circumstances shown by the complaint. (*R. S. Trading Co.* v. *Katz*, 201 App. Div. 713; *Gumbinsky Bros.* v. *Smalley*, 203 App. Div. 661; *Vietor* v. *Nat. City Bank*, 200 App. Div. 557; *Siegel* v. *Huebshman*, 187 App. Div. 548; 230 N. Y. 541; *Peierls, Buhler & Co.* v. *Newburger*, 202 App. Div. 471; 236 N. Y. 135.) The complaint sets forth all the allegations essential to an action for damages for failure to accept, and the court below was in error in holding that plaintiff himself first breached the contract. (*Winter* v. *American Aniline Products*, 236 N. Y. 199; *Powers* v. *U. F. Mfg. Co.*, 162 App. Div. 806; *Henderson T. & R. Co.* v. *Wilson & Son*, 235 N. Y. 489; *Barkey* v. *Brown*, 186 N. Y. Supp. 144; *Fulton B. & C. Mills* v. *Frankel*, 196 App. Div. 701.)

*Edmund G. Joseph* and *Harold R. Zeamans* for respondents. Taking the view most favorable to plaintiff of the contract and its indorsement on the back, still under the contract the plaintiff had no right to change the terms of credit at all but only to change the amount

of credit. (*Raw Silk Trading Co., Inc.,* v. *Katz,* 201 App. Div. 713.)

Pound, J. Defendants have judgment on the pleadings dismissing the complaint. The question is whether the complaint states facts sufficient to constitute a cause of action. (Civil Practice Act, § 277 *et seq.*)

The action is brought by the seller against the purchasers on a written contract for the purchase and sale of silk goods — satin and taffeta — to recover damages for non-acceptance of such goods. The goods were to be delivered one-fifth of each quantity in May, June, July, August and September, 1920, on terms indicated as follows: " Term: 6 /10 /60," which means six per cent discount, ten days, sixty days extra, and would have given defendants seventy days to pay for the goods. But below the signature to the contract in fine type are these words: " Subject to the Rules of the Silk Association of America as printed on back," and among the rules thus printed is the following:

" 8. The amount of credit to be extended to buyer may be determined at any time by seller."

The complaint alleges that this was one of the terms of the contract and that it was further intended and understood thereby that a financial statement should be furnished by the buyers to determine the amount, if any, of credit to be extended; that before the delivery of any goods under the contract a financial statement was demanded and refused, whereupon plaintiff canceled the terms of payment and credit provided in the agreement and demanded payment in cash for the delivery of the goods; that defendants then refused to take the goods, to plaintiff's damage.

The point is whether plaintiff, having contracted to sell and deliver the goods on credit, the amount alone of such credit to be determined by him at any time, may for any reason determine not only that the amount of

credit shall be nothing but also that the purchasers must take the goods and pay cash therefor.

While the pleading is to be liberally construed, we are at liberty to consider that the result of plaintiff's contention would be, by a dubious incorporation and a far-stretched interpretation which have been put in issue by the answer, to convert a sale on credit into a cash sale at the option of the seller. On a fair construction of the complaint the question presents itself, to what extent did the purchasers put themselves to the mercy of the seller? The language of the agreement plainly implies a promise and creates an obligation to sell on credit. The *term* of credit is fixed. The *amount* of credit is to be determined by the seller. If the seller chose to limit the amount of credit, the purchasers might have offered cash for the goods and compelled their delivery but they were not bound to take and pay cash for them. The seller's option was to fix the term credit bargained for at such amount as he should determine or to keep his goods. The purchasers' option was to take the goods on the term credit bargained for or to refuse them.

The principle of mutual assent should be applied. The contract is drawn on one of plaintiff's order blanks. Its ambiguities should be resolved against him. In fairness it can be said to serve no useful purpose except to protect him from an extension of credit on the terms specified therein in an amount deemed by him unsafe.

The judgment appealed from should be affirmed, with costs.

Hiscock, Ch. J., Cardozo, McLaughlin, Andrews. and Lehman, JJ., concur; Crane, J., absent.

Judgment affirmed.