Van Voorhis, J.
This appeal involves an application to stay the arbitration of one of the items in a demand. The controversy arises from a distributor’s franchise agreement whereby a manufacturer, petitioner Wrap-Vertiser Corporation’s assignor, appointed respondent Alvin B. Plotnick as exclusive distributor of its manufactured equipment in territory consisting of 18 counties in Maryland, the City of Baltimore and the State of Delaware. Differences arose between the parties, in consequence whereof Plotnick demanded arbitration of his claimed right to damages for alleged breach of contract against the manufacturer, resulting from failure to supply efficient and properly operating equipment and of his claim to a return of moneys prepaid by him. It is undisputed that Plotnick is entitled to have these aspects of the controversy arbitrated under a general arbitration clause contained in the contract, covering any question “as to the validity, interpretation or performance of this agreement”. The sole issue presented by this appeal relates to another item in the demand for arbitration by Plot-nick, based upon alleged fraud and misrepresentation leading to the formation of the agreement. This demand is phrased as follows: ‘1 Damages for breach of contract arising from fraud and misrepresentation inducing claimant to enter into the contract.”
The petition states, without contradiction in this respect by the opposing affidavit, that the fraud and misrepresentation *19 claimed by Plotnick consisted in Ms payment of $6,000 when the agreement was executed for the purchase of supplies for distribution, on the strength of misrepresentations respecting the past business experience of the manufacturer, respecting a patent which the manufacturer claimed to have had but did not have, and with regard to the nature of the product.
The basis of the affirmance by the Appellate Division of the Special Term order denying petitioners’ application to stay arbitration upon this demand, is that Plotnick does not seek rescission of the contract containing the arbitration clause, which would require a trial at Special Term before arbitration could proceed upon any controversy arising from the agreement (Civ. Prac. Act, § 1450), but that under Item 1, wMch has been quoted, Plotnick asks for damages which may now be obtained in conjunction with rescission under section 112-e of the Civil Practice Act (Fitzgerald v. Title Guar. & Trust Co., 290 N. Y. 376, 380).
The possibility of pursuing the remedies of rescission and damages simultaneously does not alter the circumstance that Plotnick is here seeking only damages. He has not rescinded nor does he seek rescission either alone or in conjunction with damages. He has elected to affirm the contract and bases his contentions upon its binding force, as Justice Boteix’s dissenting opinion states at the Appellate Division. If he were seeking rescission, none of the items in his arbitration demand could be arbitrated until the issue of rescission had been determined in the courts. Even in view of his affirmance of the contract, it is still for the courts to determine whether he has been damaged by fraud in being induced to enter into this agreement. Item 1 of Plotnick’s arbitration demand does not spell out an arbitrable dispute within the arbitration clause in this contract. This demand, with which we are concerned, is for damages “ arising from fraud and misrepresentation inducing claimant to enter into contract.” It is true that such damages are characterized in the demand as being “ for breach of contract ”, but those words are manifestly inadvertent and ineffectual, inasmuch as damages for breach of a contract could not possibly arise from inducing the party claiming them to enter into the contract by fraud. Item 2 of the demand covers damages for breach of the contract, and it is admitted that this is a proper subject for arbitration which will be determined by *20 these arbitrators. Upon the other hand, the essence of Item 1 of the demand (in controversy here) is that even if the contract were performed according to its letter it would be a disadvantageous contract to Plotnick, and that he is entitled to recover damages measured by his loss — not from breach of the ' agreement — but from having been tricked into a bad bargain. Loss sustainable in carrying out a bad bargain is different from damages arising from its breach by the opposite party. The contention that Plotnick is entitled to damages on account of having entered into a disadvantageous contract as a result of fraud, raises no question “as to the validity, interpretation or performance of this agreement ’ ’ within the language which defines and limits the jurisdiction of the arbitrators. No question of validity of the contract is at stake inasmuch as Plotnick has chosen to stand upon the agreement and does not seek rescission. Even if he had rescinded or asked for rescission, such an issue would have had to have been decided in court before it could be known that an agreement existed supplying a foundation for the jurisdiction of the arbitrators. No question is raised concerning its interpretation or nonperformance. The demand in Item 1 is for damages to be measured by the loss resulting to Plotnick from committing himself to a losing venture (Reno v. Bull, 226 N. Y. 546, 553; Matter of Kosoff [“ Jones ”], 276 App. Div. 621, affd. 303 N. Y. 663). Neither ambiguity nor lack of performance is presented by this item of the demand.
The order appealed from should be reversed and petitioners’ application to stay the arbitration of item 1 of respondent’s demand should be granted, with costs to appellant in all courts.