In the Matter of CHARLES S. FIELDS, INC., Appellant, against AMERICAN HYDROTHERM CORPORATION et al., Respondents.

First Department, May 27, 1958.

*Warren L. Schnur* for appellant.

*Robert E. Costello* of counsel (*Mumma, Crane, Costabell & Savarese,* attorneys), for American Hydrotherm Corporation, respondent.

*Per Curiam.* We agree with the Special Term's ruling that the claim of rescission — the specific ground on which petitioner (Fields) based its motion to stay arbitration — is a question for the arbitrators. The important question for determination however, relates to Fields' claim that there was never any agreement to arbitrate. This point was raised for the first time in a reply affidavit used on the motion.

After negotiations, extending over a long period, Fields and respondent (American) reached an agreement for the purchase by Fields of a heating and cooling system for use in its plant. As a result of these negotiations American forwarded to Fields a " Final Quotation " which could be considered in the nature of an offer. This consisted of a six-page document, containing, in addition to the agreed price, complete specifications of the equipment to be furnished and also various terms and conditions, including a provision for arbitration. This instrument was never signed by the parties, but Fields, some time after the quotation had been in its possession, signed and delivered to American a purchase order in the following form:

" 1 Hot Water System as per quotation."

The specific question posed is whether Fields, by adopting and incorporating in its order the quotation submitted to it by American, agreed to arbitration. We think that question must be answered in the affirmative.

It is true that acceptance of a provision to arbitrate will not be implied from the mere fact that one of the parties, in making an offer to sell or purchase, employs a form containing such provision. Unless the other contracting party in some manner clearly indicates an acceptance, the arbitration clause will not be

binding (*Matter of Albrecht Chem. Co.*, 298 N. Y. 437). Thus in the *Albrecht* case, where the seller did not accept or adopt the purchaser's form of offer containing an arbitration provision, but instead forwarded its own independent memorandum without reference to the purchaser's form, it was held that there was no agreement to arbitrate. However, and in contrast to the *Albrecht* case, petitioner here, in placing its order, did not confine itself to its own independent form, but went further and assented to the provisions of American's Final Quotation by making its order " as per quotation." By doing that, we think Fields must be held to have indicated its willingness to accept all the terms contained in the final quotation, including the provision for arbitration.

Before executing its order, Fields had ample opportunity to acquaint itself with the terms of the quotation, particularly since negotiations had been conducted over a long period of time during which it is not disputed, Fields had before it earlier quotations containing the same provisions for arbitration. The mere fact that the provision for arbitration was contained in small print on the last page of the quotation, does not relieve Fields of its binding effect since it incorporated the entire quotation in its order. Fields' alleged lack of knowledge of the arbitration clause will not excuse it, for the law does not relieve a person merely because he has failed to read a document which he has executed. Although Fields did not sign the quotation itself, nevertheless, the order incorporating the quotation bore its signature and therefore, the effect is the same as though it had signed the quotation itself. Consequently, Fields must be charged with knowledge of all that the quotation contained.

Nor does it matter that there was no formal acceptance in writing by one of American's executive officers, because Fields, after its written purchase order was executed and delivered to American, accepted the equipment which was shipped to it. We conclude that Fields, by its action in adopting American's quotation, indicated its assent to be bound by all of the terms of that quotation, including the provision for arbitration.

Order appealed from should be affirmed, with $20 costs and disbursements to respondent, American Hydrotherm Corporation.

FRANK, J. (dissenting). We are impelled to dissent from the affirmance of a Special Term order denying the application of the petitioner to stay arbitration.

In 1956, Charles S. Fields, Inc., the petitioner, entered into discussions with American Hydrotherm Corp., the respondent (for convenience, the parties will be referred to as Fields and American), concerning the proposed purchase by Fields of a heating and cooling system to be used in its plant. On October 22, 1956, after extended negotiations, American submitted a document to Fields entitled "Final Quotation", containing detailed specifications relating to the equipment and fixing the price at $13,750. The last page of this document consisted of 19 paragraphs, in smaller print than the rest and titled "Standard Terms and Conditions". Paragraph 19 provided for arbitration.

The "Final Quotation" was never signed by either of the parties. Instead, Fields delivered three of its own purchase orders to American, the first dated October 15, the next October 16, and the last November 4. When, through some confusion, the earlier dated orders were not received by American, the last one was picked up by its representative. They did not bear precisely the same wording, for only the last recited the price. As the dates indicate, the first two purchase orders were prepared by Fields prior to the time that the "Final Quotation" was submitted to it.

Two questions are raised on this appeal. The first is the contention by Fields that a subsequent rescission of the contract occurred and as a result nothing remained for arbitration. We agree with the majority that if a binding contract existed, containing the arbitration clause stated in paragraph 19, the issue of a rescission would be one for the arbitrators to decide. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.)

Our disagreement with the majority is predicated upon the second question posed. It is quite seriously urged, and with some merit, that the parties made no agreement to arbitrate. No one is under a duty to arbitrate unless he has consented to do so by agreement in clear and unequivocal terms. (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82; *Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130, 132; *Matter of Eagar Constr. Corp.* v. *Ward Foundation Corp.*, 255 App. Div. 291, 293.) Without assent there can be no agreement to arbitrate. A party should not be bound by clauses printed on the reverse side of an unsigned document, unless it is definitely established that the requirement for submission to arbitration was properly called to its attention and there is some evidence of acquiescence on its part to such an arrangement. (*Matter of Arthur Philip Export Corp.* [*Leathertone, Inc.*], 275 App. Div. 102; *Klar* v. *H. & M. Parcel Room*, 270 App. Div. 538, 543, affd. 296 N. Y.

1044; *Dery* v. *Blate*, 209 App. Div. 467, 471, affd. 239 N. Y. 203; *Matter of Albrecht Chem. Co.* [*Anderson Trading Corp.*], 298 N. Y. 437.)

From the documents and the affidavits in the record, we cannot hold that the proof is sufficient to establish an intentional submission to arbitration by the purchaser. The possible significance of purchase orders preceding the receipt by Fields of the "Final Quotation" should not be ignored. The proof concerning the making of the alleged agreement is not so unequivocal as to preclude a finding upon oral proof that no contract providing for arbitration was made. Under such circumstances the Civil Practice Act (§ 1450) provides that a hearing be held for the purpose of determining whether the parties entered into an agreement to arbitrate. (*Matter of Exeter Mfg. Co.* v. *Marrus*, 254 App. Div. 496; *Matter of Japan Cotton Trading Co.* v. *Farber*, 233 App. Div. 354, 357.)

For these reasons, we must dissent, and vote that the order appealed from be modified to the extent of directing a hearing as to the issue of the existence of a binding agreement to arbitrate.

BOTEIN, P. J., BREITEL and RABIN, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents in opinion, in which McNALLY, J. concurs.

Order affirmed, with $20 costs and disbursements to the respondent American Hydrotherm Corporation.