**COMMONWEALTH OIL REFINING COMPANY, Inc., Plaintiff,**

v.

**LUMMUS COMPANY, Defendant.**

Civ. No. 94-59.

United States District Court
D. Puerto Rico,
San Juan Division.
June 25, 1959.

**486**

Ruben Rodriguez Antongiorgi, Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., Richard deY. Manning, Ponce, P. R., John Dooling, Jr., Sullivan & Cromwell, New York City, for plaintiff.

H. S. McConnell, McConnell, Valdes & Kelley, San Juan, P. R., John Cahill, Lawrence McKay and Raymond Falls, Jr., Cahill, Gordon, Reindel & Ohl, New York, N. Y., for defendant.

MAGRUDER, Circuit Judge, retired (by assignment).

No doubt in the background of this case are many interesting and difficult problems. However, now the issue for me to decide is relatively narrow.

Last Friday I issued Findings of Fact and Conclusions of Law, upon the basis of which I signed a decree granting on motion by Commonwealth Oil Refining Co., Inc., a preliminary injunction temporarily restraining the Lummus Company from taking any steps to further its action in the United States District Court for the Southern District of New York.

As appears in these findings of fact, on June 1, 1959 Judge Ruiz-Nazario, the regular District Judge in this District, held a lengthy hearing on the question whether to allow a motion for temporary injunction similar in terms to the one I have now granted. Judge Ruiz-Nazario had to leave Puerto Rico for the States, in order to attend the Judicial Conference of the First Circuit, and at the time of the hearing before me he was still in the States on a short and much deserved vacation. As a result he has not yet had an opportunity to dispose of the complicated issues involved in the motion for temporary injunction which he has taken under advisement.

Pursuant to the authorization of Rule 65 of the F.R.Civ.P., 28 U.S.C., Judge Ruiz-Nazario had issued an ex parte temporary restraining order, which he renewed for a 10-day period expiring at 3:38 P. M. on Thursday, June 18th. In order to afford Judge Ruiz-Nazario an opportunity to hold on to the case while he considered the matters submitted to him, I was asked to make further extensions of the temporary restraining order. However, the Lummus Company was unwilling to consent to any further extensions to the restraining order, and it seemed pretty clear that in the absence of such consent the district court had no authority to extend further the temporary restraining order. Sims v. Greene, 3 Cir., 1947, 160 F.2d 512.

Accordingly I suggested to counsel for the Commonwealth Oil Refining Co. Inc. that they file for me to hear a motion for a temporary injunction, which they did on June 17, 1959. The hearing on this motion, on June 18th, found me with only a few hours left within which to file an effective decree, but counsel for the Lummus Company agreed in open court to maintain the status quo for another period of 24 hours, which respite was fully availed of by me.

Though the Lummus Company has suggested that this court lacks jurisdiction of the present case because of its inability to acquire jurisdiction in personam over the defendant, I cannot think that there is any difficulty about this. The Lummus Company is a Delaware corporation, which claims that it is not doing business in Puerto Rico, as evidenced by a certificate from the Secretary of State of Delaware to the effect that the corporation is not qualified to do business in Puerto Rico. This position is also supported by the Lummus Company by reference to various public relations documents it has published and by reference to certain guarded statements in affidavits filed by its president.

On the other hand, in affidavits by officers of the Commonwealth Oil Refining Co. Inc., there is sworn testimony that Lummus has actually been doing business with Commonwealth in Puerto Rico. Also, there were submitted for the record certain letters from the Lummus Company in which the latter affirmatively claimed to be doing business here. In addition there are in the record certain purchase orders issued both before and after May 4, 1959, for miscellaneous

items bought by the Lummus Company in connection with its operations here. These unexplained exhibits, virtually constituting admissions by Lummus itself, convince me on the present record that Lummus Company is and has been doing business here so that this court may very reasonably obtain jurisdiction over it, at least with regard to the Commonwealth Oil Refinery transactions. It is also suggested that the service of the summons and complaint was bad. Not only has there been no motion to quash the service, but even if there had been, I would be unwilling to grant such motion on the present state of the record, which, indeed, is devoid of any affidavit or testimony by the persons served.

As appears from my findings of fact, there is really no dispute on the chronology. This action in the United States District Court for the District of Puerto Rico was commenced on May 4, 1959 by the filing of a complaint in two counts alleging that a certain construction contract entered into by the parties had been obtained by fraudulent or negligent misrepresentation on the part of Commonwealth, and demanding damages in the sum of $60,000,000 for harm proximately caused thereby.

The Lummus Company claims that there was an earlier parallel proceeding pending in the New York courts. It appears that on April 29, 1959 the Lummus Company mailed a notice, which was received by Commonwealth's New York counsel the next day, demanding arbitration of the construction contract disputes pursuant to a provision of the contract to the effect that any controversy or claim arising out of it "shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association. This agreement shall be enforceable and judgment upon any award rendered by all or a majority of the arbitrators may be entered in any court having jurisdiction. The arbitration shall be held in New York, U. S. A."

However, the American Arbitration Association could hardly be called a court, and the New York cases contain nothing to the contrary. It is undisputed that the first time any court in the State of New York was asked to do anything was on May 19, 1959 when the Lummus Company filed in the Supreme Court of the State of New York, County of New York, a motion and a contemporaneous petition verified by its president "for an order directing that arbitration proceed between the Lummus Company and Commonwealth Oil Refining Company, Inc." In 28 U.S.C. § 1446(b) it is provided that a petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

The petition in the New York action was not received by the Commonwealth Oil Refining Co. until May 22, from which date the period for removal must begin to run, if the case is otherwise removable; and the Lummus Company has suggested nothing to the contrary as to the date.

■■ The relief which the Lummus Company seeks to obtain in the New York action could just as well be obtained in Puerto Rico by the filing of a counterclaim to the complaint now pending before Judge Ruiz-Nazario. It seems to me, in this preliminary stage of the proceeding, that I am bound to find that there is probable cause for the view that the Puerto Rican action has vested in the United States District Court for the District of Puerto Rico the primary jurisdiction over the controversy. The United States District Court can protect that prior and primary jurisdiction if necessary, by issuing an injunction under the "All Writs Section" of the Code, 28 U.S.C. § 1651(a). Assuming that this exercise of power is subject to Rule 65 of the F.R.Civ.P. it must surely be so that no other "immediate and irreparable injury" need be shown than that an injunction is necessary in order to prevent duplicating and vexatious litigation. See Higgins v. California Prune & Apricot Growers, Inc., 2 Cir., 1922, 282 F. 550.

In fact, it is from this root that the action of interpleader had its origin. And there can be no doubt that where, as here, there appears to be merit in the movant's position the court may preserve the status quo by a preliminary injunction pending its decision, American Federation of Musicians v. Stein, 6 Cir., 1954, 213 F.2d 679, especially where, as is certainly true here, the balance of the risk of harm is overwhelmingly in favor of the relief prayed, Pratt v. Stout, 8 Cir., 1936, 85 F.2d 172.

One of the questions which Judge Ruiz-Nazario must decide, in disposing of the motion pending before him, is whether, by virtue of the arbitration provision in the contract between the parties, above quoted, the parties have bound themselves to arbitrate their pending disputes in New York.

A question much mooted before me, and also at the hearing before Judge Ruiz-Nazario, is whether the question of fraud is arbitrable. There are at least three kinds of fraud: (1) Fraud in the factum, as where a party signs a contract on the representation that it is something else. (2) Fraud in the inducement, that is, a material misrepresentation of the subject matter of the contract, which might make the consent of the parties unreal and nullify the whole contract including the arbitration clause. Commonwealth pleads and by affidavits and exhibits makes a prima facie showing of ability to prove such fraud. (3) Fraud of a minor nature, relating only to performance, which would not affect the contract as a whole. It is this kind of fraud, if any, that the Lummus Company asserts is present here.

In ruling on the motion pending before Judge Ruiz-Nazario for a stay of the arbitration, he will have to decide which type of fraud, if any, occurred in this case. If it is the third type, presumably the stay will be denied. Charles S. Fields, Inc. v. American Hydrotherm Corp., 1 Dept. 1958, 5 A.D.2d 647, 174 N.Y.S.2d 184; Lipman v. Haeuser Shellac Co., Inc., 1942, 289 N.Y. 76, 43 N.E.2d 817, 142 A.L.R. 1088; In re Kahn's Application, 1940, 284 N.Y. 515, 32 N.E.2d 534. If the District Court finds the fraud to be of the second type, and that such fraud vitiates the whole contract, the issue of fraud obviously cannot be submitted to arbitration. The Court is thus obliged to decide preliminarily whether the contract and the arbitration clause within it are nullified by fraud. This is so under New York law as well as under Puerto Rican law. Wrap-Vertiser Corp. v. Plotnick, 1957, 3 N.Y.2d 17, 163 N.Y.S.2d 639, 143 N.E. 2d 366; Horli Chemical Sales Corp. v. Oliphant, Sup.1945, 68 N.Y.S.2d 177.

Other arguments of convenience are made which would be better addressed to Judge Ruiz-Nazario in a motion made under 28 U.S.C. § 1404(a) and are not persuasive as to the question before me.

Still other arguments made and authorities cited by counsel have been considered, but do not require discussion at this time.