■ RAVEN ELEVATOR CORP., Respondent, v STEVEN FINKELSTEIN, Appellant, et al., Defendant. [636 NYS2d 292] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about July 13, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment as against defendant Finkelstein and judgment, same court and Justice, entered August 5, 1994, which awarded plaintiff $220,000 as against said defendant, unanimously affirmed, without costs.

The IAS Court, in granting summary judgment, properly determined that defendant-appellant Finkelstein, as the guarantor of the promissory note issued by defendant Concord, had waived the defense of fraud in the inducement of the underlying agreement and the guarantee. Appellant is barred from asserting the defense as a matter of law based upon the absolute and unconditional disclaimer and waiver contained in the personal guarantee which specifically precluded the guarantor from raising any defenses or counterclaims relating to the underlying debt (*Citibank v Plapinger*, 66 NY2d 90, 94-95; *Chase Manhattan Bank v Goldberger*, 199 AD2d 97).

Finally, the liability of the guarantor may be broader than and exceed the scope of that of the principal where the guarantee, which is a separate undertaking, is, by its unqualified language, enforceable against the guarantor (*European Am. Bank v Lofrese*, 182 AD2d 67, 74; *Manufacturers Hanover Trust Co. v Green*, 95 AD2d 737, *appeal dismissed* 61 NY2d 760). Thus, the IAS Court properly granted that branch of plaintiff's motion for summary judgment against defendant Finkelstein for the entire amount due and owing on the promissory note, since the guarantee specifically provided that, upon default, the guarantor was liable to pay "[t]he entire outstanding principal amount of the Note, together with any costs (including reasonable attorneys fees and expenses) incurred by the holder of the Note in connection with such nonpayment".

We have reviewed defendant-appellant Finkelstein's remain-

ing arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.