(October 17, 2017)

■ ROYAL EQUITIES OPERATING, LLC, Appellant, v JOSHUA D. RUBIN et al., Respondents. [62 NYS3d 337]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 13, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint in the amount of $1,740,818.60, plus interest and attorney's fees, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for a hearing on the amount of reasonable attorney's fees to be awarded. The Clerk is directed to enter judgment in the sum of $1,740,818.60, with interest.

In moving for summary judgment in lieu of complaint to enforce absolute and unconditional guarantees on a commercial lease, plaintiff made a prima facie showing of the tenant's default and the amount owed—$1,740,818.60—under the lease's accelerated rent provision. In opposition, the guarantor defendants failed to refute plaintiff's calculations as to the amount owed, or challenge any specific line-item on the ledger submitted by plaintiff, entitling plaintiff to summary judgment as to the amount of damages (*Moon 170 Mercer, Inc. v Vella*, 146 AD3d 537, 538 [1st Dept 2017]). Defendants' nonspecific argument that plaintiff's calculations were flawed and uncertain is conclusory, and insufficient to raise a triable issue (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]). Further, defendants' claim that rent could not be accelerated because the premises had been re-let was properly rejected by the motion court, as defendants are foreclosed from raising all defenses which are personal to the obligor tenant, except a failure of consideration, which does not apply here, since it is conceded that the tenant is still in possession (*see I Bldg, Inc. v Hong Mei Cheung*, 137 AD3d 478 [1st Dept 2016]). As guarantors who expressly waived all rights and remedies generally accorded under law, defendants' liability can be greater than that of the obligor tenant, as the lease and guaranties were separate undertakings, and the latter are enforceable without qualification or reservation (*see Raven El. Corp. v Finkelstein*, 223 AD2d 378 [1st Dept 1996], *lv dismissed* 88 NY2d 1016 [1996]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.

The decision and order of this Court entered herein on May

30, 2017 (150 AD3d 617 [2017]) is hereby recalled and vacated (*see* 2017 NY Slip Op 89133[U] [2017] [decided simultaneously herewith]).