Chip Fifth Ave. LLC v Quality King Distribs., Inc. (2018 NY Slip Op 00615)





Chip Fifth Ave. LLC v Quality King Distribs., Inc.


2018 NY Slip Op 00615


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


161128/15 -5580 5579 5578

[*1]Chip Fifth Avenue LLC, Plaintiff-Respondent,
v
Quality King Distributors, Inc., Defendant-Appellant, Pro's Choice Beauty Care, Inc., et al., Defendants. [And a Third-Party Action]


Mintz Levin Cohn Ferris Glovsky and Popeo, PC, New York (Anthony J. Viola of counsel), for appellant.
Proskauer Rose LLP, New York (Lee Popkin of counsel), for respondent.



Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered or about October 17, 2016, awarding plaintiff landlord the aggregate amount of $308,743.89 as against defendant guarantor Quality King Distributors, Inc. (QKD), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 26, 2016, which granted the landlord's motion for partial summary judgment on its claim against QKD on a guaranty to cover outstanding rent and additional rent of a defaulting tenant, and from order, same court and Justice, entered on or about October 11, 2015, which, upon reargument, adhered to its prior determination, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The landlord established entitlement to judgment as a matter of law by submitting evidence that QKD executed an absolute and unconditional guaranty of the defaulting tenant's rental obligations under a commercial lease. Such evidence included an affidavit and supporting spreadsheet submitted by the landlord's officer that established the accrued unpaid rental obligations of the defaulting tenant, and that QKD has declined to perform its obligations under the guaranty (see Gansevoort 69 Realty LLC v Laba, 130 AD3d 521 [1st Dept 2015]).
In opposition, QKD failed to raise a triable issue of fact. QKD's argument that its guaranty was expressly limited to the base rent amounts set forth in the lease is refuted by the plain, unambiguous language of the lease, its rider, the guaranty at issue and a consent agreement executed by the landlord consenting to a sublease between its defaulting tenant and the tenant's subtenants. QKD's contention that the defaulting tenant was wrongfully evicted from the premises due to an alleged deactivation of its access cards, as per an instruction by the landlord to its building representatives, and that no rental obligation accruing after the date of such event should have been factored by the motion court into the judgment amount, is unavailing. Pursuant to the express terms of the guaranty, QKD waived the benefit of, or enforcement of, any defense affecting the defaulting tenant's liability to the landlord (see Royal Equities Operating, LLC v Rubin, 154 AD3d 516 [1st Dept 2017]). Where, as here, the guarantor broadly waives rights precluding its reliance on the effect of possible defenses on obligations it has guaranteed, the guarantor's liability can be greater than that of the obligor tenant, inasmuch as the lease and guarantees were separate undertakings, and the latter is enforceable without qualification or [*2]reservation (see Raven El. Corp. v Finklestein, 223 AD2d 378 [1st Dept 1996], lv dismissed 88 NY2d 1016 [1996]).
QKD's further challenge to the sufficiency of the evidence submitted by the landlord in support its claims as to the defaulting tenant's outstanding rental obligation claims is unavailing. QKD has not refuted the landlord's calculations, as reduced by the trial court, as to the amount owed, nor has it raised a triable issue as to any specific line-item on the spreadsheet submitted by the landlord's principal (see Royal Equities Operating, LLC v Rubin, 154 AD3d at 517). Furthermore, the court properly found the guaranty entitled the landlord to attorney fees, costs and disbursements (see One Ten W. Fortieth Assoc. v Isabel Ardee, Inc., 124 AD3d 500 [1st Dept 2015]).
We have considered QKD's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK