Signature Fin. LLC v Garber (2021 NY Slip Op 06784)





Signature Fin. LLC v Garber


2021 NY Slip Op 06784


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 650695/17 Appeal No. 14758 Case No. 2021-00090 

[*1]Signature Financial LLC, Plaintiff-Respondent,
v
Symon Garber, Defendant-Appellant.


Fox Rothschild LLP, New York (John Wait of counsel), for appellant.
Moritt Hock & Hamroff LLP, Garden City (Robert M. Tils of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 15, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment with respect to its first twenty-eight causes of action for breach of the relevant guaranty agreements, dismissed defendant's counterclaims and affirmative defenses relevant to the first twenty-eight causes of action only, and ordered that judgment be entered against defendant in the amount of $33,945,868.50, plus interest, unanimously affirmed, without costs.
Plaintiff established its prima facie burden on summary judgment by establishing its entitlement to the sums due under the notes, the borrowers' defaults under the notes, defendant's default under the guaranty agreements, and the amounts owing under each note and guaranty (Alvarez v Prospect Hosp. , 68 NY2d 320, 324 [1986]). Defendant does not dispute that the borrowers were in default under the notes or that he was in default of the guaranty agreements. Defendant thus has failed to establish the existence of a material factual issue sufficient to defeat the motion (id. ). Where an opposing party offers nothing but conclusory assertions and tenders no additional evidentiary proof, summary judgment to the moving party is proper (Friends of Animals v Associated Fur Mfrs. , 46 NY2d 1065, 1067-1068 [1979]).
Defendant's reliance on the parties' purported oral modification of the notes was precluded by the anti-modification provision of the agreements (General Obligations Law § 15-301[1]). Defendant has not presented any writing or other evidence in support of the purported oral modification. Nor has he established that the alleged oral modification complies with the narrow exceptions to General Obligations Law § 15-301(1) (Rose v Spa Realty Assoc. , 42 NY2d 338, 341, 344 [1977]).
Defendant further argues that the court improperly granted summary judgment on plaintiff's claims when it denied dismissal of his affirmative defenses, which raise material and triable issues. Read as a whole, however, the order appealed from preserved the affirmative defenses only to the extent they related to the 29th cause of action for breach of contract. With respect to the first 28 causes of action related to breach of the guaranties, the court found that plaintiff was entitled to summary judgment dismissing defendant's counterclaims and affirmative defenses. To the extent Garber argues that the affirmative defenses were dismissed improperly, this argument also fails. The court properly found that each of the affirmative defenses either lacked merit and/or was irrelevant to the first 28 causes of action.
The court also properly dismissed Garber's counterclaims for breach of contract, unjust enrichment/quantum meruit, and promissory estoppel. Garber expressly waived his right to interpose counterclaims in this action, thus warranting dismissal of the counterclaims as a matter of law (see e.g. Raven El. [*2]Corp. v Finkelstein , 223 AD2d 378 [1st Dept 1996], lv dismissed 88 NY2d 1016 [1996]). Regardless, the counterclaims, which were premised upon the purported oral modification of the notes, also fail on the merits.
Defendant's argument that summary judgment was premature on the ground that additional discovery was necessary also fails. This action was commenced in 2017, and defendant did not move to strike the note of issue that was filed in June of 2019. Discovery is now closed. In any event, the record supports plaintiff's assertion that defendant was afforded every opportunity to engage in meaningful discovery, yet chose not to do so.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021