| Mept 757 Third Ave. LLC v Grant |
|:---:|
| 2025 NY Slip Op 30369(U) |
| January 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653887/2023 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SUZANNE J. ADAMS**      PART      **39M**

*Justice*

-----------------------------------------------------------------------------X

MEPT 757 THIRD AVENUE LLC,

           Plaintiff,

- v -

HAYIM GRANT a/k/a HAYIM A. GRANT
a/k/a HAYIM ALAN GRANT a/k/a
HAYM GRANT,

           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653887/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 35

were read on this motion to/for        JUDGMENT - SUMMARY        .

Upon the foregoing documents, it is ordered that plaintiff's motion is granted. Plaintiff is the owner of a building located at 757 Third Avenue in Manhattan. This action arises from a commercial lease agreement dated August 28, 2008, between plaintiff's predecessor-in-interest, non-party 757 3rd Avenue Associates, LLC, as landlord, and non-party Corporate Suites 757 LLC, as tenant, pursuant to which the tenant rented certain floors of the building for a 15-year term expiring on June 30, 2024. Plaintiff acquired the building on or about April 22, 2015, and thereafter with the tenant executed a series of modification agreements, making certain adjustments to the rent and extending the lease term to December 31, 2026. Contemporaneous with the first and second modifications, defendant signed a guaranty through which he guaranteed the tenant's obligations up to $500,000. In August 2023, after the tenant failed to pay rent and additional rent due under the lease, plaintiff commenced this action seeking to recover damages for breach of the guaranty in the amount of the guaranty cap of $500,000, plus interest thereon from the date on which each payment obligation accrued (first cause of action), together with the

**653887/2023 MEPT 757 THIRD AVENUE LLC vs. GRANT, HAYIM**
Motion No. 001

Page 1 of 5

attorney's fees and expenses incurred in prosecuting this action (second cause of action). Plaintiff now moves pursuant to CPLR 3212 for summary judgment on the complaint. Defendant opposes the motion.

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.,* 36 NY3d 69, 73-74 [2020][internal quotation marks and citations omitted]). "Once this showing has been made, . . . the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024][quotation marks and citation omitted]). Further, "a landlord seeking summary judgment against a guarantor satisfies its initial evidentiary burden by proving the existence of an absolute and unconditional guaranty, a debt owed by tenant to landlord, and guarantor's failure to pay under the agreement" (*1140 LLC v Meis Studio Inc.*, 225 AD3d 516, 516 [1st Dept 2024]).

Here, plaintiff met its burden of establishing these elements by submitting a copy of the relevant guaranty (NYSCEF Doc. No. 17), an account statement showing that the Tenant owes plaintiff over $700,000 in rent and additional rent (NYSCEF Doc. No. 18), and the affidavit of Adam Lewis attesting to the accuracy of the account statement, that it was generated from plaintiff's rent records maintained in the regular course of business (NYSCEF Doc. No. 7, at ¶ 16). Thus, plaintiff established its entitlement to judgment as a matter of law. Given that "the guaranty is absolute, unconditional, and clear and unambiguous on its face, defendant is conclusively bound by its terms absent a showing of fraud, duress or other wrongful act in its inducement" (*W 54-7, LLC v Rooney,* __ AD3d __ , 220 NYS3d 753, 753-754 [1st Dept 2024][internal quotation marks

**653887/2023  MEPT 757 THIRD AVENUE LLC vs. GRANT, HAYIM**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

and citation omitted]). In opposition to plaintiff's prima facie showing, defendant fails to raise a triable issue of fact. For example, he does not dispute that he executed the guaranty, or that it was obtained through fraud, duress, or other wrongful act in its inducement. Defendant's main argument is that a condition precedent to recovery on the guaranty has not been satisfied, relying on the following language in the guaranty:

> "Guarantor's liability pursuant to this guarantee shall be limited to the sum of the Obligations that *accrue up to the date that is the last to occur of*: (a) Tenant vacating the Demised Premises; (b) Tenant removing all other subtenants, licensees and/or occupants and their property from the Demised Premises; (c) Tenant delivering the keys to Landlord and surrendering the Demised Premises in accordance with the Lease; and (d) the expiration of two (2) full calendar months after the date upon which Tenant and all its subtenants, licensees and other occupants have vacated and surrendered possession of the Demised Premises and removed their personal property from the Premises"

(Guaranty at ¶ 1, NYSCEF Doc. No. 17 [emphasis added]).

Defendant reads the emphasized language to mean that his obligation under the guaranty is not triggered until all of the events set forth in the provision have occurred. Defendant contends that since none of these events have happened, plaintiff's action "has yet to accrue" (Grant Affidavit at ¶ 4, NYSCEF Doc. No. 27). The most straightforward reading of this provision, however, establishes that these events are not condition precedents, but rather a limitation on defendant's liability (*see Mept 757 Third Ave. LLC v Grant*, 2021 NY Slip Op 30592 [U] [Sup Ct, NY County, 2021, Arlene P. Bluth, J., Index No. 653267/2020][rejecting the same argument made by defendant here and finding with regard to the same provision that "(t)he events that defendant argues must happen before he can be held liable under the guarantee are, in fact, limitations on his liability (such as turning over keys to the landlord)" and that "(t)here is no basis to find that these events must take place or that the Tenant must vacate the property *before* plaintiff can sue on the guaranty"][emphasis in original]).

As to the amount owed, defendant argues that plaintiff recently claimed in a 5-day notice that the total amount due as of January 1, 2024, was over $2 million (NYSCEF Doc. No. 28). Defendant points out that this differs from the sum of $784,136.86 set forth in the account statement submitted by plaintiff in support of this motion (NYSCEF Doc. No. 18). Defendant contends that this discrepancy entitles him to discovery in order to determine how this difference came about. Contrary to defendant's contention, discovery is not needed to resolve this discrepancy. The account statement sets forth the rent and other charges accruing through June 30, 2023. The 5-day notice sets forth the total amount due as of January 1, 2024. While defendant also contends that plaintiff miscalculated the amount due, his contentions in this regard are conclusory (*see Royal Equities Operating, LLC v Rubin*, 154 AD3d 516, 517 [1st Dept 2017]["Defendants' nonspecific argument that plaintiff's calculations were flawed and uncertain is conclusory, and insufficient to raise a triable issue"]). More importantly, defendant does not dispute plaintiff's calculation to the extent that the amount due exceeds the $500,000 limitation on defendant's liability. Any miscalculation beyond that figure is irrelevant to the instant motion. Thus, plaintiff is entitled to summary judgment on the first cause of action.

As to the second cause of action for attorneys' fees and expenses, the guaranty states that defendant "will reimburse Landlord for all reasonable costs and expenses incurred by Landlord in connection with the enforcement of this Guarantee, including, without limitation, reasonable attorneys' fees" (Guaranty at ¶ 4, NYSCEF Doc. No. 17). Therefore, plaintiff is entitled to summary judgment as to liability on the second cause of action (*see International Bus. Machs. Corp. v Murphy & O'Connell*, 183 AD2d 681, 681-682 [1st Dept 1992]), and the matter is referred to a referee to hear and determine the amount warranted. Accordingly, it is hereby

ORDERED that plaintiff's motion is granted; and it is further

**653887/2023   MEPT 757 THIRD AVENUE LLC vs. GRANT, HAYIM**
**Motion No. 001**

Page 4 of 5

ORDERED that the Clerk shall enter judgment in favor of plaintiff and against defendant HAYIM GRANT a/k/a HAYIM A. GRANT a/k/a HAYIM ALAN GRANT a/k/a HAYM GRANT in the principal amount of $500,000.00, plus interest thereon at the statutory rate from the date of this order through the date of entry of judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs, and attorneys' fees as determined by a Special Referee as set forth hereinbelow; and it is further

ORDERED that the issues of the amount of attorneys' fees and expenses to be assessed against defendant and the interest and the date from which it shall be computed, are referred for determination to a Special Referee, and that within 60 days from the date of this order plaintiff shall cause a copy of this order with notice of entry, including proof of service thereof, to be filed with the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) to arrange a date for a reference to determine pursuant to CPLR 4317 (b); and it is further

ORDERED that the Clerk is directed to enter judgment in favor of plaintiff and against defendant HAYIM GRANT a/k/a HAYIM A. GRANT a/k/a HAYIM ALAN GRANT a/k/a HAYM GRANT in accordance with the aforesaid award of damages and the report of the Special Referee without any further application.

This constitutes the decision and order of the court.

| **1/27/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | SUZANNE J. ADAMS, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653887/2023   MEPT 757 THIRD AVENUE LLC vs. GRANT, HAYIM
Motion No. 001

Page 5 of 5

[* 5]

5 of 5