## 119 Baxter St. CC LLC v Castro

2026 NY Slip Op 31032(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 158180/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHLEEN WATERMAN-MARSHALL

*Justice*

PART          31

-----------------------------------------------------------------------------X

119 BAXTER STREET CC LLC,

                              Plaintiff,

                    - v -

HAMID CASTRO, KATHERINE KONWERSKI, BETTY CASTRO,

                              Defendant.

-----------------------------------------------------------------------------X

INDEX NO.          158180/2024

MOTION DATE        08/29/2025

MOTION SEQ. NO.    002

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, the motion by plaintiff 119 Baxter Street CC LLC ("Baxter St."), for an order: (1) pursuant to CPLR § 3215 and 3025, granting it a default judgment on its first cause of action against defendants Hamid Castro and Katherine Konwerski ("the Tenants") in the sum of $38,995, representing unpaid rent arrears through November 15, 2024; (2) pursuant to CPLR 3211(b) and 3212, granting it summary judgment on its second cause of action against defendant Betty Castro ("the Guarantor") in the sum of $38,995, and dismissing her counterclaims; and (3) granting it judgment on its fifth cause of action for attorney's fees and setting the matter down for a hearing, is granted.

## Brief Factual and Procedural Background

On December 15, 2022, Baxter St. and the Tenants entered into a lease ("the Lease") for Apartment 7F in the building located at 119 Baxter Street in Manhattan. Under the Lease, the Tenants agreed, *inter alia*, to pay monthly rent of $4,000, due on the first day of each month, together with any additional rent, late charges, and interest. The Guarantor – the mother of Hamid Castro, one of the Tenants – executed a written guaranty in which she unconditionally and absolutely guaranteed the full and faithful performance and observance of all covenants, terms, and conditions of the Lease required to be performed and observed by the Tenants, expressly including, without limitation, the payment of rent when due under the Lease.

On September 5, 2024, Baxter St. commenced this action against the Tenants and the Guarantor in which it seeks, in the first and second causes of action, to recover from them all rent arrears due under the Lease plus interest (NYSCEF Doc. No. 1; Complaint). Baxter St. also asserts causes of action for: an injunction prohibiting the Tenants for permitting unauthorized occupancy by third-parties (third cause of action); immediate eviction of the Tenants (fourth cause of action); and attorney's fees (fifth cause of action).

158180/2024   119 BAXTER STREET CC LLC vs. CASTRO, HAMID ET AL          Page 1 of 5
Motion No. 002

1 of 5

On September 30, 2024, Baxter St. personally served the Guarantor with the summons and complaint (NYSCEF Doc. No. 3). On October 25, 2024, Baxter St. served the Tenants, pursuant to CPLR § 308[2], by delivering the Summons and Complaint to a person of suitable age and discretion, followed by mailing on October 26, 2024 (NYSCEF Doc. No. 16).

On November 15, 2024, the Tenants surrendered possession of the apartment, at which time their rent arrears amounted to $38,995.00.

As of January 31, 2025, neither the Tenants, nor the Guarantor, appeared in this action, answered, or otherwise moved against the complaint. Thus, on that day, Baxter St. provided additional notice pursuant to CPLR § 3215(g). To date, the Tenants have failed to appear or answer, and their time to do so has expired.

However, on February 19, 2025, the Guarantor filed an answer (NYSCEF Doc. No. 23), followed by an amended answer filed on March 26, 2025 (NYSCEF Doc. No. 28), in which she asserts a counterclaim against Baxter St., for failure to mitigate damages, to wit: "plaintiff failed to take reasonable steps to collect payment or proceed with eviction proceedings"; and a cross-claim against the Tenants for, what appears to be, contribution and/or indemnification, to wit: "Defendants clearly had means to pay their rent but intentionally made the choice not to, and therefore should now bare the full financial liability of this lawsuit" (NYSCEF Doc. No. 28).

On March 11, 2025, the Court held a Preliminary Conference, at which the Guarantor and Baxter St. appeared, and issued a conference order (NYSCEF Doc. No. 27). During the conference, the Guarantor explained that she guaranteed the Lease for her son upon his promise to pay the rent, and that she could not afford the amount sought by Baxter St. The parties engaged in discovery and appeared at a status conference in June 2025, after which Baxter St. made the instant motion for a default judgment against the Tenants and for summary judgment against the Guarantor.

**Default Judgment Against the Tenants**

Baxter St. established its entitlement to a money judgment against Tenants, on its first cause of action for breach of the Lease, in the amount of $38,995.00, representing unpaid rent from December 1, 2023 through November 15, 2024, plus pre-judgment interest (CPLR § 5001), by submitting, *inter alia*, the Complaint; affidavits of service; the Lease; rent ledger, and the affidavit of Kenneth Wentworth, Baxter St.'s vice president, attesting to the terms of the Lease and the amount due thereunder (CPLR § 3215[f]; *see also Bigio v Gooding,* 213 AD3d 480, 481 [1st Dept 2023]).

Consequently, Baxter St. is entitled to a default judgment against the Tenants, jointly and severally, in the sum of $38,995, plus pre-judgment interest from December 1, 2023.

**Summary Judgment Against the Guarantor**

On a motion for summary judgment, the burden rests with the moving party to make a prima facie showing they are entitled to judgment as a matter of law and demonstrate the absence of any material issues of fact (*Friends of Thayer Lake, LLC v Brown*, 27 NY3d 1039 [2016]). Once met, the burden shifts to the opposing party to submit admissible evidence to create a question of fact requiring trial (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75 [1st Dept

158180/2024   119 BAXTER STREET CC LLC vs. CASTRO, HAMID ET AL          Page 2 of 5
Motion No. 002

2 of 5

2013]). However, a "feigned issue of fact" will not defeat summary judgment (*Red Zone LLC v Cadwalader, Wickersham & Taft LLP*, 27 NY3d 1048 [2016]). Failure to make a prima facie showing requires the Court to deny the motion, regardless of the sufficiency of opposing papers (*Alverez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also JMD Holding Corp. v Congress Financial Corp.*, 4 NY3d 373 [2005]).

Upon the same record that supports default judgment against the Tenants – i.e., the Lease, the Guaranty, competent and admissible proof of rent arrears – Baxter St. has demonstrated its prima facie entitlement to judgment as a matter of law against the Guarantor on the second cause of action, for breach of the Guaranty. It is undisputed that Betty Castro guaranteed the Lease and that the Guaranty is unconditional and absolute as to all of the Tenants' obligations, including payment of rent (*see* NYSCEF Doc. No. 3 at ¶3, "… Guarantor guarantees, unconditionally and absolutely, the full and faithful performances and observance of all the covenants, terms, and conditions of the Lease…"). Baxter St. established the Tenants' failure to perform their Lease obligations, thus triggering the Guarantor's liability for same (*see ALQ, LLC v Kane*, 197 AD3d 1029 [1st Dept 2021] ["Plaintiff landlord established its entitlement to summary judgment as to liability against defendant, one of the tenant's principals and guarantors of its obligations under the lease, by demonstrating the existence of an absolute and unconditional guaranty and defendant's failure to perform"]; *Thor Gallery At S. Dekalb, LLC v Reliance Mediaworks (USA) Inc.*, 143 AD3d 498 [1st Dept 2016] [plaintiff entitled to summary judgment because plaintiff established existence of lease, guaranty, and tenant's failure to pay rent through affidavit of plaintiffs' employees and "defendant offered no evidence in opposition"]).

The Guarantor failed to raise any questions of fact precluding entry of summary judgment in favor of Baxter St. Her affirmative defenses and counterclaim are without merit and dismissed. The Guarantor waived improper service as a defense by failing to move to dismiss the complaint upon that ground within 60 days of her answer (*see* CPLR 3211[e]; *Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159 [1st Dept 2000]).

The defense based upon the alleged fraudulent conduct of the Guarantor's son in inducing her to enter into the Guaranty by promising her that he would pay the rent, does not excuse her obligations thereunder. Indeed, the Guarantor is presumed to have read and understood the Guaranty as she signed it and it is long well-settled that a party's failure to read a contract before signing is not a basis to excuse performance thereunder (*see Matter of Charles S. Fields, Inc., v American Hydrotherm Corp.*, 5 AD2d 647, 649 [1st Dept 1958] ["alleged lack of knowledge of the arbitration clause will not excuse it, for the law does not relieve a person merely because [one] has failed to read a document which [one] has executed"]; *Metzger v Aetna Ins. Co.*, 227 NY 411, 416 [1920] ["[one] who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them and there can be no evidence for the jury as to [the party's] understanding of its terms"]). Moreover, where, as here, a guaranty is absolute and unconditional, fraud in the inducement is not a defense to an action on such guaranty (*see Citibank, N.A. v Plapinger*, 66 NY2d 90 [1985]; *534 Flatbush Holdings, LLC v Solaris Props.*, LLC, 234 AD3d 732 [2d Dept 2025]).

158180/2024   119 BAXTER STREET CC LLC vs. CASTRO, HAMID ET AL          Page 3 of 5
Motion No.  002

3 of 5

[* 3]

The Guarantor expressly waived notice in the absolute and unconditional Guaranty, which the courts uniformly uphold (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro,* 25 NY3d 485, 493-495 [2015]). Under the circumstances present on this record, the passing of seven months between the Tenants' breach of the Lease by failing to pay rent and the commencement of this action at a time the Tenants were still in possession, undermines any finding that Baxter St. failed to mitigate its damages. Moreover, a guarantor may not rely on the defenses of their principal (except a failure of consideration for the underlying principal contract – a fact not present here), where a guaranty agreement is unconditional, and waives all defenses under the guaranty (*Chip Fifth Ave., LLC v Quality King Distributors*, 158 AD3d 418, 419 [1st Dept 2018]; *Royal Equities Operating, LLC v Rubin*, 154 AD3d 516, 517 [1st Dept 2017]; *I Bldg, Inc. v Hong Mei Cheung*, 137 AD3d 478 [1st Dept 2016]]).

Finally, although seemingly harsh, the Guarantor's alleged economic hardship does not excuse her legal obligations under the Guaranty. It may, however, factor into whether Baxter St. seeks to enforce any judgment against the Guarantor, given the judgment it is awarded against the Tenants. The Court understands and is sensitive to the Guarantor's attempt to assist her son by signing the Guaranty, but cannot excuse her from the valid and enforceable promise that she made. Regrettably for the Guarantor, no good deed goes unpunished.

The Lease provides for either party's attorney's fees occasioned by a breach of the lease (NYSCEF Doc. No. 3 at ¶12). Baxter St. has established the Tenant's breach of the Lease and, therefore, it is entitled to attorney's fees from the Tenants and the Guarantor. However, the amount of attorney's fees requires an inquest. Where attorney fees are authorized, either by statute or agreement, the fee sought must be reasonable; where the fee is unreasonable, inflated, or needlessly incurred, the Court may dismiss the claim for attorney's fees (*American Motorists Ins. Co. v Napco Sec. Sys.*, 244 AD2d 197 [1st Dept 1997]). Thus, the amount of attorney's fees due Baxter St. is severed and shall proceed to inquest.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for default judgment against defendant Hamid Castro and Katherine Konwerski is granted; and it is further

**ORDERED, DECLARED and ADJUDGED** that plaintiff 119 Baxter Street CC LLC shall have judgment and does recover as against defendants Hamid Castro and Katherine Konwerski, jointly and severally, the sum of $38,995.00, plus statutory pre-judgment interest at the rate of 9% per annum pursuant to CPLR § 5001 from December 1, 2023, together with costs and disbursements as calculated and taxed by the County Clerk, and the County Clerk shall enter judgment accordingly, and it is further

**ORDERED** that plaintiff's motion for summary judgment against defendant Betty Castro is granted; and it is further

**ORDERED, DECLARED and ADJUDGED** that plaintiff 119 Baxter Street CC LLC shall have judgment and does recover as against defendant Betty Castro the sum of $38,995.00, plus statutory pre-judgment interest at the rate of 9% per annum pursuant to CPLR § 5001 from

158180/2024   119 BAXTER STREET CC LLC vs. CASTRO, HAMID ET AL                Page 4 of 5
Motion No.  002

4 of 5

December 1, 2023, together with costs and disbursements, as calculated and taxed by the County Clerk, and the County Clerk shall enter judgment accordingly, and it is further

ORDERED that judgment shall be submitted to the County Clerk, and not to Chambers or the Part, unless directed otherwise by the County Clerk; and it is further

ORDERED that 119 Baxter Street CC LLC shall recover its reasonable attorney's fees incurred in this action from Ms. Castro in an amount to be determined at inquest on paper submissions only; and it is further

ORDERED that papers in support of reasonable attorney's fees, if any, shall be filed to NYSCEF no later than **May 8, 2026**; and it is further

ORDERED that papers in opposition to reasonable attorney's fees, if any, shall be filed to NYSCEF no later than **June 19, 2026**; and it is further

ORDERED that an inquest shall be held in Part 31 **on paper submissions only** on **June 25, 2026**, or as soon thereafter as the parties may be heard.

| **3/17/2026** | | |
|---|---|---|
| **DATE** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158180/2024   119 BAXTER STREET CC LLC vs. CASTRO, HAMID ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5