■ HSBC Bank USA, as Successor in Interest to Marine Midland Bank, Respondent, v IPO, LLC, et al., Defendants, and Louis Shih, Appellant. [735 NYS2d 531] —Order, Supreme Court, New York County (Helen Freedman, J.), entered December 13, 2000, which granted plaintiff's motion for summary judgment in lieu of complaint and directed judgment in its favor in the amount of $1,449,802.85 plus interest, costs and fees, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

Plaintiff sues on a defaulted loan initially negotiated in 1997 and guaranteed unconditionally, by the individual defendants, in early 1998. Later that year the lending arrangement was substantially modified, without further mention of personal guaranties. The modification placed a greater obligation on the corporate debtor, and required plaintiff to apply the proceeds of amassed collateral to outstanding indebtedness on at least a weekly basis.

The existence of a properly executed loan and guaranties, which is normally sufficient for summary judgment in lieu of a complaint on an instrument for the payment of money only (CPLR 3213), is not contested. However, the prima facie case for such relief requires documentary evidence or an explanation of how the indebtedness is calculated, other than in the form of mere conclusory allegations (*First Am. Bank of N.Y. v L.V. Lowden, Inc.*, 197 AD2d 774). Plaintiff failed to meet that burden.

There is also a triable issue of fact as to whether plaintiff properly marshaled and disposed of the collateral in its possession in a "commercially reasonable" manner (UCC 9-504 [1]; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 694). This should have precluded accelerated judgment under CPLR 3213 (*Security Trust Co. of Rochester v Thomas*, 59 AD2d 242), particularly in the absence of detailed facts and circumstances surrounding the sale (*Mack Fin. Corp. v Knoud*, 98 AD2d 713). Concur—Williams, J.P., Saxe, Rosenberger, Wallach and Lerner, JJ.