■ FINANCIAL NETWORK INVESTMENT CORPORATION, Appellant, v LESTER W. BECKER, SR., et al., Respondents. [762 NYS2d 25] —Order, Supreme Court, New York County (Bruce Allen, J.), entered May 16, 2002, which, insofar as appealed from as limited by the briefs, denied petitioner investment firm's application to stay arbitration demanded by respondent customers, unanimously affirmed, with costs.

Respondents claim that they bought a fraudulent investment product (ETS phones) on the advice of petitioner's registered representatives operating out of a New York office, and seek to arbitrate petitioner's responsibility for their losses before the National Association of Securities Dealers (NASD). Rule 10301 (a) of the NASD Procedural Rules provides for arbitration of any disputes "between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons."

Petitioner challenges respondents' status as customers, asserting that its registered representatives were not in any way involved with ETS phones. To support this assertion, petitioner submitted its written rejection of a request by the New York office to sell ETS phones, and signed letters from each of the

representatives in the office stating that they were not referring, selling or otherwise involved with ETS phones. These submissions, mainly based on the unsworn hearsay of petitioner's representatives, fail to satisfy petitioner's prima facie burden of showing that the dispute does not arise out of the activities of its representatives, and thus the application must be denied regardless of the sufficiency of respondents' papers in opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

In any event, even if the burden did shift to respondents to produce evidentiary proof sufficient to establish that they bought ETS phones on the advice of petitioner's New York representatives, respondents' affidavits in opposition, as amplified by their amended statement of claim in the arbitration, satisfy that burden. In those affidavits, respondents state that they bought ETS phones with the belief that they were petitioner's customers, because the persons who sold them the ETS phones represented themselves as petitioner's representatives, as indicated in paperwork that the representatives gave them, attached as exhibits. Respondents' sworn statements suffice to dispel any issue of fact as to their customer status arguably raised by petitioner's submissions, warranting denial of the application without a hearing (*see Oppenheimer & Co., Inc. v Neidhardt,* 56 F3d 352, 357-358 [2d Cir 1995]; *Hornor, Townsend & Kent, Inc. v Hamilton,* 218 F Supp 2d 1369, 1382-1383 [ND Ga 2002] [involving ETS phones]).

NASD's definition of "customer" is broad, excluding only a broker or dealer, and plainly including customers of an associated person as well as of the member itself (*John Hancock Life Ins. Co. v Wilson,* 254 F3d 48, 59 [2001]). "[W]hen the investor deals with an agent or representative [of a member], the investor deals with the member, and on that basis the investor is entitled to have resolved in arbitration any dispute that arises out of that relationship." (*Vestax Sec. Corp. v McWood,* 280 F3d 1078, 1082 [6th Cir 2002], citing *Oppenheimer & Co.,* 56 F3d at 357.) Customer status is not negated by an investment firm's lack of knowledge as to its representatives' customers (*see id.,* citing *John Hancock,* 254 F3d at 51). Reliance on the advice or recommendation of the registered representative will suffice and it is not required that he or she be the broker of record (*see Lehman Bros. v Certified Reporting Co.,* 939 F Supp 1333 [ND Ill 1996]).

We reject petitioner's argument that NASD rule 10301 does not apply because the transactions allegedly arranged by its representatives did not involve the sale of a security. The rule

does not require the sale of a security. It suffices that there was a business relationship with the representative that related directly to investment services. A dispute arising from a firm's lack of supervision over its brokers arises in connection with its business (see *John Hancock*, 254 F3d at 58-59). Characterization of the subject investment product should be left to the NASD arbitrator (*Washington Sq. Sec., Inc. v Aune*, 253 F Supp 2d 839, 845 n 6 [WD NC 2003] [involving ETS phones and refusing to follow *Securities & Exch. Commn. v ETS Payphones, Inc.*, 300 F3d 1281, 1284-1285 [11th Cir 2002]).

We also reject petitioner's argument that respondents' affidavits should have been rejected pursuant to 22 NYCRR 130-1.1a because they were submitted under the affidavit of their out-of-state attorney in the arbitration who allegedly has not been admitted pro hac vice. Respondents also submitted an answer verified by a New York attorney that was submitted virtually simultaneously with their affidavits, and the arbitration-related exhibits attached to the out-of-state attorney's affidavit were pertinent to the application and the argument made in a brief signed by the New York attorney. Under the circumstances, and absent any showing of confusion or prejudice, respondents' affidavits were properly accepted (see *Pronti v Hogan*, 278 AD2d 841 [2000]). Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.[See 191 Misc 2d 297.]