■ STERLING NATIONAL BANK, Respondent, v MARIO J. BIAGGI, JR., Appellant, et al., Defendants. [849 NYS2d 521]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 5, 2006, which, insofar as appealed from, granted plaintiff bank's motion for partial summary judgment on the issue of liability on its breach of guaranty cause of action against defendant Biaggi and dismissed Biaggi's affirmative defenses and counterclaims, unanimously affirmed, without costs.

The written personal guaranty of the subject loan executed by Biaggi unequivocally provides that: (1) it is absolute and unconditional in all respects and enforceable irrespective of any other agreements or circumstances which might otherwise constitute a defense to the guaranty and obligation of the guarantor under the loan agreement; (2) the guarantor absolutely, unconditionally and irrevocably waives any and all rights to assert any defense, set-off, counterclaim or cross claim of any nature whatsoever concerning the guarantor's obligations under the guaranty or the loan agreement; and (3) the guarantor

waives the right to interpose any defense based upon statute of limitations or any claim of laches and set-off or counterclaim of any nature or description in any action in which plaintiff is an adverse party. Such language is sufficiently specific to constitute a valid waiver of the right to plead defenses (*see Citibank v Plapinger*, 66 NY2d 90 [1985]; *Raven El. Corp. v Finkelstein*, 223 AD2d 378 [1996], *lv dismissed* 88 NY2d 1016 [1996]), and accordingly, the court properly found Biaggi liable on his guaranty, and dismissed his affirmative defenses and counterclaims to the breach of guaranty cause of action. Even assuming that the waiver was invalid, and we were to review the merits of Biaggi's affirmative defenses and counterclaims, we would conclude that they fail to raise a triable issue of fact on the issue of liability. Furthermore, the court properly directed the issue of damages be determined at trial since plaintiff failed to tender sufficient proof as to the amount of the underlying debt and how it was calculated (*see HSBC Bank USA v IPO, LLC*, 290 AD2d 246 [2002]).

We have considered Biaggi's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman and Catterson, JJ.