■ MF GLOBAL, INC. et al., Appellants, v MORGAN FUEL & HEATING Co., INC., Respondent. [896 NYS2d 326]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 22, 2009, which denied the petition to stay arbitration of claims involving derivative swaps transactions and a motion to stay a related claim in a separate arbitration, unanimously reversed, on the law, with costs, the petition and motion granted and the arbitration and related claim ·permanently stayed.

It was for the court to determine whether the parties had agreed to arbitrate (see *Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]), since they did not invoke the exception to the foregoing rule by clearly and unmistakably providing that such

determination be made by the arbitrators (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 46 [1997]). That the determination may require interpretation of the Financial Industry Regulatory Authority (FINRA) Code does not make it any less a matter for the court. The International Swap Dealers Association, Inc. agreement under which the swaps dispute arose did not contain an arbitration clause, but selected the courts of Manhattan as the forum, and, in this regard, the uniform submission agreement in another matter did not specifically incorporate by reference the FINRA Code of Arbitration Procedure (*see PaineWebber Inc. v Bybyk*, 81 F3d 1193, 1201 [2d Cir 1996]).

There was no agreement to arbitrate the swaps dispute. The guaranties were unconditional (*see Raven El. Corp. v Finkelstein*, 223 AD2d 378 [1996], *lv dismissed* 88 NY2d 1016 [1996]; *Manufacturers Hanover Trust Co. v Green*, 95 AD2d 737 [1983], *appeal dismissed* 61 NY2d 760 [1984]) and barred any defenses to the obligation they guarantied (*see Sterling Natl. Bank v Biaggi*, 47 AD3d 436 [2008]), so, although executed as part of the same transaction, they were intended to entail completely separate obligations (*see BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1985]). Thus, it cannot be said that MFG Market Service, as a signatory to the guaranties and their arbitration provisions, was also bound to arbitrate the swaps claim on the ground that the obligations are intertwined (*see Denney v BDO Seidman, L.L.P.*, 412 F3d 58, 70 [2005]). The uniform submission agreement by which MFG Market Service agreed to arbitrate "third party claims" in the guaranty arbitration, and the definition of third-party claims in the FINRA Code, did not constitute an agreement to arbitrate the claims asserted by Morgan in that arbitration, which, we note, were barred by a temporary restraining order when interposed. Nor do the guaranties provide a basis for compelling nonsignatory MFG Inc. to arbitrate on the ground that it was the alter ego of MFG Market Service, since the requisite showing was plainly lacking (*see Thomson-CSF, S.A. v American Arbitration Assn.*, 64 F3d 773, 777-778 [1995]; *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]). Nor was MFG Inc. subject to arbitration on the ground that Morgan was its customer, since Morgan dealt only with MFG Market Service on the swaps transactions; in opposition to the sworn denial of Bellino, the individual with whom Morgan dealt in the subject unregulated transactions, that he had acted on behalf of MFG Market Service only, Morgan failed to submit any evidentiary proof to show that he actually acted on behalf of MFG Inc. or that it had been given reason to believe so (*cf. Financial Network Inv. Corp. v Becker*, 305 AD2d 187, 188 [2003]).

We have considered the parties' other contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.