■ Sinclair & Company LLC, Respondent, v Pursuit Investment Management LLC, Appellant. [903 NYS2d 395]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered January 11, 2010, which denied defendant's motion to stay the action and compel arbitration, unanimously affirmed, with costs.

Plaintiff, a registered broker/dealer and member of the Financial Industry Regulatory Authority (FINRA), describes itself as "a referral agent for investments and or loans to its clients." Plaintiff alleges that it entered into a "Referral Agreement" with defendant, an investment fund manager, pursuant to which plaintiff introduced prospective investors to defendant, and that defendant breached the agreement by failing to make required payments for "Referred Investments." Defendant seeks to compel arbitration, claiming to be plaintiff's "customer" within the meaning of FINRA rule 12200, which requires arbitration of disputes between FINRA members and its customers arising in connection with the members' business activities, unless, as provided in FINRA Rule 12100 (i), the customer is a broker or dealer, which defendant is not. We reject the "argu-[ment] that by negative inference [the FINRA] definition means a 'customer' is everyone who is not a broker or dealer" (*Fleet Boston Robertson Stephens, Inc. v Innovex, Inc.*, 264 F3d 770, 772 [8th Cir 2001]), qualify the word "customer" to mean "one involved in a business relationship with [a FINRA] member that is related directly to securities investment or brokerage services" (*id.*), and find that plaintiff's customer referral services were not sufficiently investment-related to make defendant its customer for purposes of the FINRA rule requiring arbitration (*cf. id.* [company receiving financial advice and assistance on a merger not a customer]; *Financial Network Inv. Corp. v Becker*, 305 AD2d 187, 188-189 [1st Dept 2003] [while rule does not require sale of a traditional security, it does require a

business relationship that relates directly to investment services]). In view of the foregoing, we need not address plaintiff's other arguments. Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.