Appeal from order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 6, 2012, which granted plaintiff’s motion for summary judgment on the issue of liability, and denied defendant’s cross motion for summary judgment, deemed appeal from judgment, same court and Justice, entered February 7, 2013, awarding plaintiff damages (see CFLR 5501 [c]) and, so considered, said judgment unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings consistent herewith.
Under the parties’ producer agreement, pursuant to which defendant procured insurance for its clients through plaintiff, defendant is obligated to pay all insurance premiums, including those that plaintiff retroactively increased upon audit. Section 5.3 of the agreement states that “[defendant] guarantees to pay [plaintiff] all premium [sic] ... on any insurance placed or arranged for [defendant] by [plaintiff], irrespective of whether [defendant] has collected such premiums . . . from any customer or client of [defendant]” (emphasis added). Contrary to defendant’s contention, the term “all premium” does not refer to the “initial premium” only. Accordingly, the court properly granted plaintiff summary judgment as to defendant’s liability for the retroactive increases.
But it was incorrect for the court to proceed as though the invoices were correct and hold that defendant lacked standing to challenge plaintiffs calculation of the premium amounts due. Given that the producer agreement did not provide that defend *554 ant waived any defenses and that the guarantee was unconditional, defendant was entitled to raise the insureds’ defense that the audits were inaccurate and the increases were excessive under the policies (see Restatement [Third] of Suretyship & Guaranty § 34; see also Sterling Natl. Bank v Biaggi, 47 AD3d 436, 436-437 [1st Dept 2008]). Thus, under CPLR 3212 (f), defendant was entitled to disclosure about the audits that plaintiffs used to calculate the premium increases before damages were determined. Concur — Freedman, J.P, Richter, Feinman and Gische, JJ.