Bethpage Fed. Credit Union v Luzzi (2019 NY Slip Op 08550)





Bethpage Fed. Credit Union v Luzzi


2019 NY Slip Op 08550


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-04698
2018-06516
 (Index No. 610294/16)

[*1]Bethpage Federal Credit Union, etc., respondent,
v
Claudio Luzzi, et al., appellants, et al., defendant.


Mark Krassner, New York, NY, for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Christopher D. Palmieri and Frank Dell'Amore of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the defendants Claudio Luzzi and Rodrigo Luzzi appeal from (1) an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered February 15, 2018, and (2) a judgment of the same court dated March 19, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, alleging breach of contract by the defendants Claudio Luzzi and Rodrigo Luzzi. The judgment, upon the order, is in favor of the plaintiff and against the defendants Claudio Luzzi and Rodrigo Luzzi in the principal sum of $58,165.61, plus interest and costs.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the first cause of action is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Claudio Luzzi and Rodrigo Luzzi.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In April 2009, the defendants Claudio Luzzi and Rodrigo Luzzi (hereinafter together the defendants) allegedly executed a balloon promissory note in the sum of $74,668.36 in favor of Montauk Credit Union (hereinafter Montauk). The defendants also allegedly executed a security agreement in favor of Montauk. In December 2016, the plaintiff, Bethpage Federal Credit Union, as successor by merger to Montauk, commenced this action, inter alia, to recover on the promissory note. The defendants served an answer in which they asserted, inter alia, that the plaintiff lacked standing, that the signatures on the note and security agreement were forgeries, and that they never [*2]received any proceeds from the alleged transaction. The defendants also asserted a counterclaim against the plaintiff, seeking an accounting.
Shortly after joinder of issue, and prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the first cause of action, alleging breach of contract by the defendants. The defendants opposed the motion. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action. Thereafter, the court issued a judgment in favor of the plaintiff and against the defendants in the principal sum of $58,165.61, plus interest and costs. The defendants appeal.
Contrary to the defendants' contention, the plaintiff's motion was not premature (see CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 854). However, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law.
To establish a prima facie case in an action to recover on a promissory note, the plaintiff must submit the note, along with evidence of the defendants' failure to make payments on the note according to its terms (see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 789-790). Moreover, where, as here, the issue of standing is raised by the defendants in their answer, the plaintiff must also prove its standing as part of its prima facie case (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197).
Here, the plaintiff submitted the affidavit of its assistant vice president, Keith Weinkauf. As to the defendants' alleged default, Weinkauf stated that the defendants "fail[ed] to make the full payment due on the [m]aturity [d]ate" of the note. On the issue of standing, Weinkauf averred that "[e]ffective March 31, 2016, Montauk Credit Union merged into Bethpage Federal Credit Union." Further, with respect to the amount owed by the defendants, Weinkauf stated that the current unpaid principal balance due on the note was $58,165.61, plus interest, late charges, and fees. However, apart from producing a copy of the note itself, Weinkauf submitted no evidence in admissible form with his affidavit to establish the existence of a default, the plaintiff's standing, or the calculation of the unpaid amount owed by the defendants (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 203; Sterling Natl. Bank v Biaggi, 47 AD3d 436, 437; HSBC Bank USA v IPO, LLC, 290 AD2d 246). Although the plaintiff later submitted, with its reply papers, a second affidavit from Weinkauf, along with supporting documentary evidence, to establish its standing, the plaintiff could not, under the circumstances presented, rely on the second affidavit to correct deficiencies inherent in the original one (see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870).
Since the plaintiff failed to establish its prima facie entitlement to summary judgment on the first cause of action, that branch of its motion should have been denied, regardless of the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we reverse the judgment.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court