Ciras, Inc. v Katz (2022 NY Slip Op 01118)





Ciras, Inc. v Katz


2022 NY Slip Op 01118


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 160464/17 Appeal No. 15350-15350A Case No. 2021-02095 

[*1]Ciras, Inc., Substituted Plaintiff for Citibank, N.A. Plaintiff-Respondent,
v
Richard J. Katz etc., et al., Defendants-Appellants.


Eric Streich, P.C., White Plains (Adam M. Peska of counsel), for appellants.
Peter D. Tamsen, P.C., Bay Shore (Gerard J. McCreight of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 3, 2021, which granted plaintiff's motion for summary judgment, deemed to be an appeal from the subsequent judgment (CPLR 5501[c]), same court and Justice, entered April 23, 2021, awarding plaintiffs $601,686.76, and as so considered, unanimously affirmed, without costs.
Plaintiff Ciras, Inc., which was substituted as plaintiff in place of its predecessor Citibank, N.A., made a prima facie showing of entitlement to judgment as against defendant Richard J. Katz, Attorney at Law, LLP (Katz LLP) by establishing the existence of a loan issued through the Relationship Ready Credit Agreement (RRCA), and its amendment, and nonpayment of the same (see Wilmington Trust v Sukhu, 155 AD3d 591, 591-592 [1st Dept 2017]). Likewise, Ciras made a prima facie showing of entitlement to summary judgment as against defendant Richard J. Katz (Katz) by establishing the existence of the personal guaranty and nonpayment of the same. Upon defendants' failure to make the necessary loan payments, Citibank acted within its rights under the RRCA to terminate Katz LLP's line of credit, request the 48 equal monthly payments for the outstanding amount, and accelerate the loan.
Furthermore, the printout of Citibank's account transaction history was admissible under the business records exception to the hearsay rule because Ciras, as assignee, relied upon the original loan file prepared by Citibank in its regular course of business in enforcing the loan and incorporated the Citibank records into its own records (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [3d Dept 2012], lv denied 20 NY3d 858 [2013]).
While defendants made substantial payments toward the outstanding balance, Citibank's account transaction history showed that they failed to make any payments in September and December 2016, and there were multiple months where they paid substantially less than what was owed that month. Katz's statement that the parties were in active negotiations to modify the payment plan under the RRCA is of no moment. Pursuant to the RRCA, modifications were required to be in writing, and no such modification exists.
We have considered defendants' other arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022