Chrysler E. Bldg., L.L.C. v Keenwawa, Inc. (2023 NY Slip Op 03193)

Chrysler E. Bldg., L.L.C. v Keenwawa, Inc.

2023 NY Slip Op 03193

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., González, Shulman, Pitt-Burke, JJ. 

Index No. 655920/19 Appeal No. 468 Case No. 2022-02240 

[*1]Chrysler East Building, L.L.C., Plaintiff-Appellant,
v
Keenwawa, Inc., Defendant-Respondent.

Greenberg Traurig, LLP, New York (Kenneth A. Philbin of counsel), for appellant.
Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 20, 2022, which denied plaintiff landlord's motion to dismiss defendant tenant's affirmative defenses and for summary judgment on its complaint, unanimously modified, on the law, to grant the motion as to liability on the cause of action for breach of lease and to dismiss the affirmative defenses, and otherwise affirmed, without costs.
Supreme Court should have granted summary judgment as to liability on the landlord's cause of action for breach of lease, as the tenant does not dispute that its failure to operate and its eventual vacatur of the premises constituted a default under the lease (CPLR 3212[e]; see also Spinelli's Pizza, Inc. v G&T1 Corp., 208 AD3d 420, 420 [1st Dept 2022]). The tenant's affirmative defenses should have been dismissed as well, as they consisted of nothing more than bare legal conclusions, which are insufficient to raise an affirmative defense, and the tenant presents no factual or legal bases in its appeal briefs for maintaining the affirmative defenses (see Robbins v Growney, 229 AD2d 356, 358 [1st Dept 1996]).
Supreme Court, however, properly denied the landlord's motion for summary judgment with respect to damages, as the landlord failed to carry its burden to establish its prima facie financial harm (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]). The affidavit and attorney affirmation in the landlord's moving papers were too conclusory to sustain its burden as to its damages, or to provide any guidance for the motion court to determine whether the compensation sought was accurately calculated and properly charged to the tenant. Although the landlord submitted a spreadsheet purporting to calculate the amount owed by the tenant, it failed to submit the underlying documents and invoices supporting the enumerated charges (see e.g. HSBC Bank USA v IPO, LLC, 290 AD2d 246, 246 [1st Dept 2002]).
As to the cause of action seeking attorneys' fees, the landlord will have the opportunity to establish its damages on a complete record, at which time a determination can be made as to whether it is the prevailing party under section 27.23 of the lease for the purpose of granting an award of attorneys' fees.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023