## RS E Orange LLC v Proudliving Cos., LLC

2024 NY Slip Op 31451(U)

April 19, 2024

Supreme Court, New York County

Docket Number: Index No. 655013/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

---------------------------------------------------------------------------X

RS E ORANGE LLC,

                           Plaintiff,

                   - v -

PROUDLIVING COMPANIES, LLC, and ANDREW
BROWN

                        Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655013/2023 |
| **MOTION DATE** | 11/03/2023 |
| **MOTION SEQ. NO.** | MS 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15
were read on this motion to/for      JUDGMENT - SUMMARY IN LIEU OF COMPLAINT     .

    In this action, plaintiff RS E Orange LLC a/k/a Red Starr ("Red Starr" or plaintiff) moves for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to recover $3,999,272.00 plus late fees, costs, expenses, and reasonable attorneys' fees allegedly owed by non-party PLA Six Portfolio JV LLC ("the Company") under the Company's operating agreement and personally guaranteed by defendants Proudliving Companies LLC ("PL") and Andrew Brown (together with PL "defendants") pursuant to a guaranty agreement. The motion is unopposed. However, for the reasons below, plaintiff's motion is denied.

## BACKGROUND

    On March 19, 2021, plaintiff Red Starr invested $6 million with the Company (NYSCEF # 10, Plaintiff's Memo of Law, at 1). Pursuant to the Company's Operating Agreement ("Agreement"), the Company was to make monthly payments to plaintiff in certain amounts (*id.* at 2; *see* NYSCEF # 5, Company Operating Agreement, at 12 [definition of "preferred return"]).

*The Company's Operating Agreement and Guaranty Agreement*

    Under the Agreement, if the Company committed any "Material Default"—defined in the Agreement as, among other things, failure to pay or the commission of a "Bad Act"—then the Company would be required to "redeem all of [plaintiff's] Interest in the Company at the Full Redemption Price" (NYSCEF # 10 at 2, quoting NYSCEF # 5 at 28 [§ 6.4(a)]; *see also* NYSCEF # 5 at 8 [definition of "Material Default"]). The "Full Redemption Price" is the sum of:

**655013/2023 RS E ORANGE LLC vs. PROUDLIVING COMPANIES, LLC ET AL**
**Motion No. 001**

Page 1 of 5

> (A) all accrued but undistributed Priority Preferred Return; (B) all accrued but undistributed Enhanced Preferred Return; (C) all accrued but undistributed Accrued Preferred Return; (D) all accrued but undistributed Current Pay Return; (D) all accrued but undistributed Standby Fees; (E) the full amount of all unreturned [plaintiff] Capital Contributions, including, without limitation, all Additional RS Contributions funded by [plaintiff] in accordance with Section 5.1(a) and all additional Capital Contributions funded by [plaintiff] in accordance with Section 5.1(c) hereof; (F) all costs and expenses incurred by [plaintiff] in the enforcement of its right to redemption pursuant to the terms of this Agreement, if any; and (G) any other amounts [plaintiff] is entitled to under the terms of this Agreement.

(NSYCEF # 10 at 2-3, quoting NYSCEF # 5 at 27 [§ 6.3(e)(ii)]). Each capitalized term within that definition is further defined in the Agreement, usually as some sort of equation or obligation to pay (*see* NYSCEF # 5 at 1, 4, 6, 12, 14). Nowhere does the Agreement require the Company to pay a specific amount of money upon a Material Default, instead providing only the equations necessary to calculate the Full Redemption Price.

These obligations to pay are secured by the Guaranty Agreement ("the Guaranty"), which requires defendants PL and Brown to act as guarantors for the "Guaranteed Obligations" (NYSCEF # 10 at 3). The Guaranteed Obligations are defined as:

> (a) payment and performance by the Company of the Investment to [plaintiff] as, and to the extent required, pursuant to the [Agreement], plus (b) the Preferred Return, the Enhanced Preferred Return, and the Priority Preferred Return, as applicable, due and payable with respect to the Investment, plus (c) all costs, including, without limitation, all attorney's fees and expenses incurred by Red Starr in connection with the collection and enforcement of the Guaranteed Obligations.

(NYSCEF # 6, Guaranty Agreement, ¶ 2). Plaintiff alleges that these include "[a]ll of the foregoing payment obligations" mentioned by plaintiff about the Agreement (NYSCEF # 10 at 3).

The Guaranty further provides that if the Company fails to pay at any time, the defendants will immediately pay plaintiff "in full without notice or demand, and it shall not be necessary for [plaintiff] in order to enforce such payment by [defendants], first to institute suit or exhaust its remedies against the Company or others" (NYSCEF # 6 ¶ 4). The Guaranty also contains language indicating that it is unconditional and that defendants waive any defenses, counterclaims, or prompt, diligent notice of default (*id.* ¶¶ 3, 9). Much like the Agreement itself, the Guaranty does not stipulate any specific amount of money defendants must pay.

**655013/2023   RS E ORANGE LLC vs. PROUDLIVING COMPANIES, LLC ET AL**
**Motion No.  001**

**Page 2 of 5**

[* 2]

*The Company Materially Defaults*

Although the Company met all its obligations through 2022, beginning in 2023, plaintiff alleges a series of Material Defaults that activated the Guaranty (*see* NYSCEF # 10 at 2, 4). First, the Company stopped making monthly payments starting January 2023 (*id.* at 4; NYSCEF # 3, Starr Aff, ¶ 7). Throughout the next month, plaintiff allegedly discovered more unspecified "Bad Acts" and Material Defaults by the Company, which together caused the Company to owe the Full Redemption Price (NYSCEF # 10 at 4; NYSCEF # 3 ¶ 17). On March 7, 2023, plaintiff sent both the Company and the defendants notice of the Material Defaults/Bad Acts and demanded that defendants pay $3,439,231 in satisfaction of the Guaranty (NYSCEF # 10 at 4-5; NYSCEF # 3 ¶¶ 18-19; NYSCEF # 7, March 7, 2023 Letter). Defendants did not make that payment (NYSCEF # 3 ¶ 19). The Company then failed to contribute its pro rata share of a Capital Call initiated by plaintiff, which amount to roughly $1,804,040.45 (NYSCEF # 10 at 5; NYSCEF # 3 ¶¶ 20-22; NYSCEF # 8, Capital Call Notice, at *1).

In response to plaintiff's March 7 demands, plaintiff and the Company agreed to enter discussions to try to resolve plaintiff's issues (*see* NYSCEF # 9, Discussion Agreement). Plaintiff and the Company even signed a "discussion agreement" on August 17, 2023, dictating the terms of the discussion itself (*id.*). Pursuant to the discussion agreement, the Company admitted the following:

> You [the Company and defendants] acknowledge and agree, without reservation of any kind, that the Events of Defaults and Material Defaults arising out of [defendant] PL's failure to cause PLA Six Portfolio JV LLC (the 'Company") and/or [defendant] PL's failure as manager of the Company to pay [plaintiff] amounts due pursuant to [plaintiff's] Current Pay Preferred Return beyond any cure period and/or [defendant] PL's failure to pay the capital call described in the Removal Event Notice, among other things (collectively the "Enforcement Events"), occurred as described in the Exercise Notice, Removal Event Notice, and as a result, [plaintiff] is authorized by the PE Documents and fully entitled to take all immediately proceed with all rights, remedies and legal causes or actions provided by the PE Documents, which You acknowledge are in full force and effect and are binding upon You in accordance with their term ...

(NYSCEF # 10 at 5, quoting NYSCEF # 9 ¶ 3).

Plaintiff does not make any allegations about what occurred in those discussions. Plaintiff instead concludes on the above allegations that "there can be no factual dispute of any kind concerning the Events of Default, Mandatory

655013/2023   RS E ORANGE LLC vs. PROUDLIVING COMPANIES, LLC ET AL
Motion No. 001

Page 3 of 5

[* 3]

Redemption and Guarantors' obligations to pay Plaintiff the entire $3,999,272.00 that is currently due and owing" (NYSCEF # 10 at 5; NYSCEF # 3 ¶ 25).

Plaintiff brought this action October 16, 2023, filing a motion for summary judgment in lieu of complaint (*see* NYSCEF # 1, Summons and Notice of Motion). Plaintiff also filed affidavits of service confirming that defendant Brown was served October 19, 2023, and that defendant PL was served November 7, 2023 (NYSCEF #s 13, 15).

## DISCUSSION

CPLR 3213 permits "actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint" (*Banco Popular N. Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381, 383 [2004]). To establish prima facie entitlement to summary judgment in lieu of complaint on a promissory note, a plaintiff must show that the instrument sued upon contains "an unconditional promise to pay a sum certain . . . due on demand or at a definite time" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). To establish such entitlement on a guaranty, the plaintiff must show that the sum certain is "readily ascertainable," whether or not it appears directly on the face of the guaranty (*see Bank of Am., N.A. v Lightstone Holdings, LLC*, 32 Misc 3d 1244(A), *4 [Sup Ct, NY County, 2011], citing *Manufacturers Hanover Tr. Co. v Green*, 95 AD2d 737, 737 [1st Dept 1983]).

An instrument does not qualify for CPLR 3213 treatment "if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman*, 88 NY2d at 444; *see Maglich v Saxe, Bacon & Bolan, P.C.*, 97 AD2d 19, 21 [1st Dept 1983] ["(w)here proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply"]). CPLR 3213 treatment is not available where plaintiff relies exclusively on conclusory allegations to explain how the amount due was calculated (*HSBC Bank USA v IPO, LLC*, 290 AD2d 246, 246 [1st Dept 2002]).

Here, the amount specified by plaintiff ($3,999,272.00) is not "readily ascertainable" on the face of the Guaranty or the Agreement. For instance, nowhere in the documents is there a specific stipulation that defendant owes $3,999,272.00 (*see, e.g., Bank of Am., N.A. v Solow*, 59 AD3d 304, 305 [1st Dept 2009] [guaranty stipulated to sum of $15,910,000]) or a cap on recovery that would be applicable to these facts (*see, e.g., Lightstone Holdings*, 32 Misc 3d at *4 [guarantor liability on $1.8 billion loan was capped at $100 million]). All of plaintiff's statements about the $3,999,272.00 owed are conclusory, with nothing in the record showing how the amount due was calculated (*see HSBC*, 290 AD2d at 246 ["the prima facie case for such relief [under CPLR 3213] requires documentary evidence or an explanation of how the indebtedness is calculated, other than in the form of mere conclusory allegations"]). The only places this amount is mentioned is in plaintiff's

**655013/2023  RS E ORANGE LLC vs. PROUDLIVING COMPANIES, LLC ET AL**
**Motion No.  001**

**Page 4 of 5**

[* 4]

memorandum of law and in the very last paragraph of the Starr affidavit (*see* NYSCEF # 3 ¶ 25).

It is also unclear what the amount represents as plaintiff does not specify if that is the current Full Redemption Price or some other amount owed. If it *is* the Full Redemption Price, plaintiff has not established that the Guaranty applies. The definition of "Guaranteed Obligations" does not expressly include the phrase "Full Redemption Price" (*see* NYSCEF # 6 ¶ 2), nor is it obviously implied. Because plaintiff does not explain how the $3,999,272.00 amount was calculated, "an excursion outside the four corners of the agreement" is required to find the amount due (*Kerin v Kaufman*, 296 AD2d 336, 337 [1st Dept 2002]). Thus, plaintiff is not entitled to summary judgment in lieu of complaint.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff RS E Orange LLC's motion for summary judgment in lieu of complaint against defendants Proudliving Companies, LLC and Andrew Brown is denied; and it is further

ORDERED that this proceeding is converted into a plenary action and defendant shall have 30 days from the date of this order to file an answer to the complaint; and it is further

ORDERED that plaintiff RS E Orange LLC shall serve defendants a copy this Order within 10 days upon defendants; and it is further

ORDERED that a preliminary conference shall be held via Microsoft Teams on May 29, 2024, at 10:30 a.m. or at such other time that the parties shall set with the court's law clerk.

This constitutes the Decision and Order of the court.

| 4/19/2024 | | MARGARET A. CHAN, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

655013/2023   RS E ORANGE LLC vs. PROUDLIVING COMPANIES, LLC ET AL
Motion No.  001

Page 5 of 5

5 of 5