## Lapis Advisers, LP v Coal Capital Ephrata, LLC

2024 NY Slip Op 31521(U)

April 29, 2024

Supreme Court, New York County

Docket Number: Index No. 650128/2021

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

LAPIS ADVISERS, LP, SOLELY IN ITS CAPACITY AS
AGENT FOR MILLENNIUM TRUST COMPANY, F/B/O
LAPIS MUNICIPAL OPPORTUNITIES FUND III, LP,

                               Plaintiff,

                  - v -

COAL CAPITAL EPHRATA, LLC,

                        Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650128/2021 |
| MOTION DATE | 06/09/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94
were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER         .

Upon the foregoing documents, the motion for summary judgment is granted.

To make a prima facie showing of entitlement to judgment, the Plaintiff must show (i) the Note and Guaranty are valid contracts, (ii) all Santander's rights under the Note and Guaranty were assigned to Plaintiff, and (iii) that WPAC and CCE have failed to repay the amounts owed under the Note (*see, e.g., Ciras, Inc. for Citibank, N.A. v. Katz*, 202 AD3d 590 [1st Dep't 2022]). This they have done.

The Note and the Guaranty are valid contracts. They were properly executed by Santander (who was a holder of the Note as Ms. Marrow testified [NYSCEF Doc. No. 71, tr. at 158, lines 12-22]) and WPAC and CCE when Santander loaned and the borrower received $6.5 million net of closing costs and expenses (*Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214

**650128/2021 LAPIS ADVISERS, LP, SOLELY vs. COAL CAPITAL EPHRATA, LLC**
**Motion No. 001**

AD2d 359, 361 [1st Dept 1995]). **The Note and Guaranty were properly assigned pursuant to the Assignment of Loan Documents** (NYSCEF Doc. No. 54, exhibit A, "School Loan" ¶¶ 1, 7) **prior to the time that this lawsuit was commenced. Thus, the Plaintiff has standing to bring this lawsuit** (*Deutsche Bank Nat. Trust Co. v. Breton,* 142 AD3d, at 684 [2d Dept 2016]; *Deutsche Bank Nat. Trust Co. v. Abdan,* 131 AD3d 1001, 1002 [2d Dept 2015]; *Emigrant Bank v Larizza,* 129 AD3d 904 [2d Dept 2015]; *U.S. Bank N.A. v Akande*, 136 AD3d 887 [2d Dept 2016]; *Wells Fargo Bank, N.A. v Archibald*, 150 AD3d 937 [2d Dept 2017]; *HSBC Bank USA, N.A. v Thomas*, 46 Misc3d 429, 432 [Sup Ct, Kings County 2014], citing *GRP Loan, LLC v. Taylor*, 95 AD3d 1172, 1173 [2d Dept 2012] [internal citations omitted]; *see also Stabilis Fund II, LLC v. Nostrand Plaza, Inc.*, No. 10239/12 2014 WL 1661826, at *3 [Sup Ct, Kings County 2014]).[1]

---

[1] As discussed above, because the Assignment of Loan Documents validly assigned the Note, the Guaranty and the other loan documents, the Court need not consider whether the document titled Allonge (NYSCEF Doc. No. 55) assigned the Note for the Plaintiff to establish standing; The Plaintiff has standing by virtue of the Assignment of the Loan Documents.

For completeness however, the Court notes that the Note itself is commercial paper and affixing a piece of paper purporting to assign the Note to the Note itself as an "allonge" as defined by the NY UCC would make the Note freely transferable so that if demand under the Note is made and suit is brought to enforce the obligations under the Note, the payer under the Note knows that they are in fact paying the correct person (*i.e.*, to prevent fraud) and to preserve the chain of title. Although the Allonge in this case is not a blank or undated indorsement (*i.e.*, it is specific indorsement dated and made payable to the Plaintiff) and the Defendant raises no **actual** factual issue as to why in fact the Allonge might not correspond with this Note (and instead only says in conclusory fashion that there are issues of fact preventing a finding that the Plaintiff has standing or the entry of judgment), the Court notes that affixing the Allonge to the Note such that it becomes "so firmly affixed to the instrument as to become an extension or part of it" satisfies the requirements of NY UCC Law 3-202(2) (*U.S. Bank NA v Cannella*, 64 Misc 3d 410, 423 [Sup Ct, Rockland County 2019], quoting NYY UCC 3-202, Comment 3).

The ministerial act of affixing the Allonge prior to the moment that it is signed however is not the level of formality that is required by the UCC. This of course makes sense because some lenders do not release the original promissory note prior to receipt of payment in the case of an assignment where in fact an allonge is employed and where often an escrow closing occurs. However, merely keeping a piece of paper titled allonge together with the Note subsequent to assignment is insufficient to effect a proper negotiation.

NY UCC 3-202 of the NY UCC governs negotiation – *i.e.*, the "transfer of an instrument in such form that the transferee becomes the holder" (NY UCC3-202[1]). One becomes a "holder" where "the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order

650128/2021  LAPIS ADVISERS, LP, SOLELY vs. COAL CAPITAL EPHRATA, LLC
Motion No. 001

Page 2 of 6

2 of 6

Notice of the assignment was sent (NYSCEF Doc. No. 56). The Guaranty is an absolute guaranty of payment, not collection, where the guarantor waived defenses to certain counterclaims (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 493 [2015]; *see also Sterling Nat'l Bank v. Biaggi*, 47 AD3d 436, 436-37 [1st Dept 2008]; *ATX Debt Fund 1, LLC v Paul*, 19-CV-8540 (JPO), 2024 WL 324780, at *5 [SDNY Jan. 29, 2024]). The record before the Court firmly establishes that the borrower has not paid the amounts due under the Note and that demand was in fact made (NYSCEF Doc. Nos 57-59 and 61-62).

In their opposition papers, the defendant fails to raise an actual material issue of fact for trial or otherwise warranting discovery as to the Guarantor's obligations as to the term loan. As an initial matter, the fact that the Assignment Agreement contains what amounts to be a careless error referring to the borrower as a Florida entity instead of a Pennsylvania entity is immaterial and does not raise a triable issue of fact. Read in its entirety and together with the Allonge

---

of the plaintiff" (*Wells Fargo Bank, NA v. Ostiguy,* 127 AD3d 1375, 1376 [3d Dept 2015]). The parties here stipulate (NYSCEF Doc. No. 40) that the "Allonge" was delivered in the same envelope (albeit not attached at that time to the original promissory note which was in the same envelope) as the other loan documents. Thus, there are no factual issues at to the chain of title or as to the veracity of Allonge and whether the Plaintiff is the proper payee. As Basia Terrell, the managing principal of Lapis Advisers LP (the Plaintiff)'s affidavits (NYSCEF Doc. Nos. 50 and 92) make clear, the original promissory note and allonge were delivered to the Plaintiff in a single envelope when the Plaintiff took valid assignment of the Note and other loan documents pursuant to the Assignment of Loan Documents – **prior to commencement of this lawsuit**, thus at the time the lawsuit was brought the Plaintiff had standing. Subsequently, the Plaintiff affixed the Allonge to the Note which has been in its possession since it was validly assigned pursuant to the Assignment of Loan Documents, which is sufficient to complete the negotiation and for the Plaintiff to become a holder in due course.

Finally, the Court notes that *SKW 6 E. 74th St. Lender LLC v. Adina 74 Realty Corp.*, 2022 N.Y. Slip Op. 32821(U) (Sup Ct, NY County 2022) does not require a different result because here like in *SKW* the Plaintiff has met its burden under *Reich v. 559 St. Johns Pl, LLC,* 204 AD3d 850 (2d Dept 2022) by virtue of the Assignment of Loan Documents. The Defendants unauthorized Sur-Reply also does not raise any **actual** issues of fact warranting further proceeding.

650128/2021   LAPIS ADVISERS, LP, SOLELY vs. COAL CAPITAL EPHRATA, LLC
Motion No. 001

Page 3 of 6

(which has no error), the Assignment Agreement transferred all right, title, and interest in and to the loan, the Note and the Guaranty. As discussed above, the Guaranty itself indicates that liability is not released or discharged by any claim or set-off rights or the enforceability or validity of the borrower's obligations, and the Defendant Guarantor waived all notices of default, non-payment, and presentment. In other words, the Defendant Guarantor waived all affirmative defenses that are based on acts and omissions of the borrower, Santander or the Plaintiff, waiver or release of the underlying debt, defenses that could excuse the borrower from its payment obligation or defenses based on lack of notice. Accordingly, the second (notices), third (accord and satisfaction), fifth (payment, release, waiver, estoppel, laches, ratification and/or unclean hands), ninth (failure to comply with contract documents), tenth (lack of holder in due course), thirteenth (default was caused by Santander and or Lapis), fourteenth (no demand), fifteenth (premature), seventeenth (based on LIBOR), nineteenth and twenty-eighth (not properly endorsed), twenty-fourth (no consideration), twenty-fifth (claims or damages resulting from Santander or third parties), twenty-sixth (improper notices), twenty-ninth (no default under the note) and thirtieth (unenforceable liquidated damages provision) affirmative defenses all must be dismissed.

The defenses based on accord and satisfaction (third), election of remedies (seventh), statute of limitations (ninth), res judicata and collateral estoppel (eleventh) and documentary evidence and statute of frauds (twenty-first) affirmative defenses also must be dismissed because the record is bereft of any facts supporting these defenses warranting further proceeding.

The affirmative defense sounding in failure to state a claim (first) is dismissed because as discussed above, the Plaintiff states a claim for breach of contract and attorney's fees. CCE irrevocably and unconditionally submitted to the jurisdiction of the New York state court in the Guaranty. Thus, the fourth affirmative defense must be dismissed.

Even if the equitable defenses were not waived in the Guaranty (which they were as discussed above), they still would fail because they are not available in this lawsuit which seeks only money damages pursuant to the term (and not the revolving) loan, which revolving loan is where the Guarantor alleges Santander's misconduct and which the record does not indicate the Plaintiff had any notice of such alleged misconduct prior to acquiring the loan (*Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc.*, 24 AD3d 189, 189-190 [1st Dept 2005]; *Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2d Dept 2004]). Mr. Silberstein's testimony that the Guarantor owes nothing also does not create an issue of fact saving the sixth affirmative defense. It is simply a self-serving statement and is belied by the $6.5 million that was loaned and which the borrower has had the benefit of. Lastly, the Court notes that the affirmative defenses predicated on the assertion that the Plaintiff lacks standing also must be dismissed. As discussed above, the Plaintiff received proper assignment of all of the loan documents including the Guaranty pursuant to the Assignment of Loan Documents.

The Court has considered the Defendant's remaining arguments (including those raised in its unauthorized Sur-Reply) and finds them unavailing.

Accordingly, it is hereby

650128/2021  LAPIS ADVISERS, LP, SOLELY vs. COAL CAPITAL EPHRATA, LLC
Motion No. 001

Page 5 of 6

ORDERED that the Plaintiff's motion for summary judgment is granted and the Plaintiff may

submit judgment to Part 53.

20240429115348AD0RR0KF47BB3251FA346769C88AF3B1989C718

**4/29/2024**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650128/2021   LAPIS ADVISERS, LP, SOLELY vs. COAL CAPITAL EPHRATA, LLC
Motion No.  001

Page 6 of 6

6 of 6